The State v. Harney.

THE STATE, *Appellant*, v. HARNEY.

**Pleading, Criminal:** ATTEMPT TO RAPE: INDICTMENT. An indictment alleging that defendant, by verbal solicitations, tried to obtain the consent of a female child, under the age of twelve years, to have sexual intercourse with him, but that he failed in his purpose, fails to charge an attempt to rape under the statute. To constitute the crime there must be an actual attempt. (R. S. 1879, secs. 1253, 1645.)

*Appeal from LaFayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*John M. Wood*, Attorney General, and *W. B. Wilson*, Prosecuting Attorney, for the State.

(1) It is not necessary to charge an assault. 2 Bishop's Crim. Proc., sec. 955. (2) The indictment

charges acts which constitute an attempt. 1 Bish.
Crim. Law, secs. 742, 767, 768*d*, 772*a ;* Bish Stat.
Crimes, secs. 496, 499 ; Bishop's Directions and Forms,
sec. 913 ; *State v. Hayes*, 78 Mo. 307 ; 1 Russ. on
Crimes [ 9 Ed.] 83, *et seq.; Com. v. Jacobs*, 9 Allen, 274 ;
*People v. Bush*, 4 Hill. 133 ; 11 Mo. 116. In Bishop
on Directions and Forms, section 913, above cited, it is
stated that the mere solicitation of a child under the
legal age of consent to permit carnal intercourse consti-
tutes an indictable attempt to commit rape.

*J. S. Blackwell* for respondent.

BRACE, J.—This is an appeal by the state from the
judgment of the criminal court of LaFayette county,
quashing an indictment against the defendant—charg-
ing that the said "Benjamin Harney, on the sixth day
of August, A. D. 1887, at the county of LaFayette and
state of Missouri, did attempt, feloniously, to carnally
and unlawfully know and abuse one Allie Hargrave,
who was then and there a female child under the age
of twelve years, to-wit, of the age of ten years, and in
said attempt, and in pursuance thereof and towards
the commission of said offense, the said Benjamin Har-
ney did then and there move, persuade and, by false
statements and pretenses, induce her, the said Allie
Hargrave to go with him, said Benjamin Harney, from a
public place, to-wit, a public street and thoroughfare in
the city of Higginsville, in said county, to a secret and
retired place, to-wit, a certain wooden shed there situate,
which said shed was situated, and then and there was, a
long distance from said street and thoroughfare, to-wit,
two hundred yards therefrom, and did then and there
solicit, move and incite and endeavor to persuade, hire
and induce her, the said Allie Hargrave, then and there
to have sexual and carnal intercourse with him, the
said Benjamin Harney, and did then and there solicit,

move and incite and endeavor to persuade her, the said Allie Hargrave, to permit and allow him, the said Benjamin Harney, then and there to carnally · and unlawfully know and have sexual intercourse with her, the said Allie Hargrave, with intent, her, the said Allie Hargrave, then and there, feloniously, to carnally and unlawfully know and abuse ; but he, the said Benjamin Harney, did, then and there, fail in the.perpetration of said offense and was, then and there, intercepted and prevented in executing and perpetrating said offense."

The only question in the case is, does the indictment sufficiently charge the defendant with an attempt to commit rape ? For a man to have sexual intercourse with a female child under the age of twelve years is, for that man to be guilty of rape. R. S. 1879, sec. 1253. And the law declares that "every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do *any act* towards the commission of such offense, but shall fail in the perpetration thereof, shall be punished," etc. R. S. 1879, sec. 1645. The only charge that can be evolved from the verbose reiterations of this indiciment is, that the defendant, by verbal solicitations, tried to obtain the consent of a child under the age of twelve years to have sexual intercourse with him, and failed. However despicable and deserving of punishment such conduct may be, it falls short of the criminal offense attempted to be charged, to constitute which there must be an *actual* attempt to have intercourse with such child. So long as the evil purpose dwells in contemplation only it is beyond the grasp of these provisions of the law.

The indictment failing to charge any *actual* attempt upon the part of the defendant to have sexual intercourse with the child was properly quashed, and the judgment is affirmed. All concur.