## JOHN YOUNG v. THE TERRITORY OF OKLAHOMA.

### (Filed Aug. 24., 1899.)

1. INDICTMENT—*Assault to Commit Rape—Sufficiency.* An indictment for assault with intent to commit the crime of rape should contain an averment that the female assaulted was not the wife of the person accused of the assault.

2. SAME—*Necessary Allegations.* An indictment for assault with intent to commit a felony should contain a sufficient charge of assault, and the essential acts constituting the particular felony which it is alleged was intended to be committed should be averred.

3. RAPE—*Age of Consent.* In order to constitute a good charge of assault with intent to commit rape upon a female under the age of consent, the indictment must aver that she was of previous chaste and virtuous character.

4. SAME—*Force or Violence.* An indictment for assault with intent to commit rape by force should contain the averment that the defendant assaulted the female with the felonious intent to have sexual intercourse with her by force or violence sufficient to overcome any resistence she might make.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*Alexander & De Geer,* and *W. W. S. Snoddy,* for plaintiff in error.

*Jesse J. Dunn, County Attorney,* for defendant in error.

John Young was convicted of assualt with intent to rape, and brings error. Reversed.

Opinion of the court by

BURFORD, C. J.: A prosecution was begun in the district court of Woods county against John Young for

assault with intent to commit the crime of rape. The defendant was found guilty, and sentenced to serve a term of four years in the penitentiary. A demurrer was interposed to the indictment, which was overruled, and exception saved. After verdict a motion was presented in arrest of judgment, which was overruled, and excepted to by the defendant. Both the demurrer and the motion in arrest of judgment test the sufficiency of the fact stated to charge a public offense. The indictment is drawn under section 2127, Statutes of 1893, which is as follows:

"Every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill the punishment for which assault is not prescribed by the preceding section, is punishable by imprisonment in the territorial prison not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Rape is defined by the amended act of 1895, (Sess. Laws 1895, p. 104) as follows:

'Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: First. Where the female is under the age of 16 years, of previous chaste and virtuous character. Second. Where she is incapable through lunacy, or any other unsoundness of mind, whether temporary or permanent, of giving legal consent. Third. Where she resists, but her resistance is overcome by force or violence. Fourth. Where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution. Fifth. Where she is prevented from resisting by any intoxicating, narcotic or anaesthetic agent, administered by or with the privity of the accused.

Sixth. Where she is at the time unconscious of the nature of the act, and this is known to the accused. Seventh. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by artifice, pretense, or concealment practiced by the accused with intent to induce such belief."

The sufficiency of the indictment must be tested by these statutes. The material averments of the indictment are as follows: "John Young, on the 19th day of June, in the year 1897, in the said county of Woods, did wilfully, violently, unlawfully, and feloniously, in and upon one Ethel Gray, make an assault, and her, the said Ethel Gray, being then and there a female under the age of 14 years, and of the age of 12 years, and her, the said Ethel Gray, did wound and ill treat, with intention her, the said Ethel Gray, and against her will, feloniously to ravish and carnally know."

It is contended that the indictment should contain the averment that the prosecutrix was not the wife of the accused. In order to an intelligent discussion and determination of this question, we should go back and examine some of the well-settled and general rules of criminal pleading. At common law "rape was the carnal knowledge of a woman by a man, forcibly and against her will," and many of the states still adhere to this definition. In this definition there is nothing said as to whether the woman is the wife of the person charged. Also, at common law, a husband might be guilty of rape on his wife, by assisting, aiding, or procuring another to commit the act. (*Com. v. Fogerty*, 8 Gray, 489.)

Hence, under the old definition of the crime of rape, and under old forms of pleading, the fact of whether or not the prosecutrix was the wife of the accused did not

necessarily enter into the case. But it will be observed that our statute has introduced a new element into the definition of the crime of rape, and such element constitutes one of the essential ingredients of the offense. The definition of rape, as contained in our statute, cannot be read, and eliminate the clause "not the wife of the perpetrator." This new element introduced into the crime is not a matter of excuse for the defendant, to be pleaded and proved by him, but is a necessary and essential element of the crime itself, which must be established by the prosecution in order to make the crime complete, and, if material to prove, then is required to be charged.

Mr. Justice Clifford, in the case of *U. S. v. Cook*, 17 Wall. 168, in discussing the question as to when exceptions should be averred, said: "Offenses created by statute at common law must be accurately and clearly described in an indictment, and if they cannot be in any case, without an allegation that the accused is not within an exception contained in the statute defining the offense, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed. With rare exceptions, offenses consist of more than one ingredient, and in some cases of many; and the rule is universal that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested or be reversed on error."

The supreme court of Dakota, in the case of *Territory v. Scott*, 2 Dak. 212, 6 N. W. 435, very appropriately states the rule thus: "When the exception or proviso is so introduced as to constitute a part of the definition or description of the offense, it must be negatived."

A very clear and comprehensive statement of this same rule is found in *State v. Abbey*, 29 Vt. 60. It is there said: "If an exception is so incorporated with and becomes part of penal enactment as to constitute a part of the definition or description of the offense, an indictment for the violation of such statute must negative such exception. It is the nature of the exception, and not its location, which determines the question."

Applying these rules, (and they may be considered fundamental,) to the provisions of our statute defining the crime of rape, and it seems but one result can be reasonably reached. The clause "not the wife of the perpetrator" is so incorporated with, and is such a part of, the definition or description of the offense, as that the crime cannot be described and omit such clause; and, when such is the case, then the authorities are practically uniform to the effect that the indictment must specifically negative such exception or provision.

We think the Texas court of criminal appeals has correctly stated the law as it should be applied to the case under consideration. The Texas statute (Pen. Code, art. 633,) is as follows: "Rape is the carnal knowledge of a female under the age of 15 years, other than the wife of the person, with or without consent, and with or without the use of force, threats, or fraud." In determining the sufficiency of an indictment under this statute, in *Rice v. State*, (Tex. Cr. App.) 38 S. W. 802, the court said:

34

"Applying this rule to the construction of this statute, it will be seen that the words 'other than the wife of the person' occur in the body of the enacting clause. The offense cannot be read without reading this. It does not occur in any proviso or distinct, substantive clause, but is a part of the act itself, and, under the rule heretofore laid down, the indictment should negative the fact that the alleged injured female was the wife of the defendant. Of course, it is best that this negation be by direct and positive averment. However, there may be cases in which such negation might otherwise be set out by the pleader; but, if it is attempted, the allegation should be so certain as to exclude the idea which is intended to be negatived in the statute. As applied to this case, the allegation, if not of a direct and positive character, must show by averment, in some way, to a certainty, that the alleged injured female was not the wife of the defendant; that is, it must absolutely exclude the idea that she was his wife. It may be contended that the use of another name than that borne by the defendant sufficiently negatives the idea that she was his wife. There is nothing in our statute requiring or compelling the wife to take or assume the name of her husband. While this is generally the case, yet the wife might retain her own name. She might be married to the defendant, and still be known by her maiden name, or some other name than his. Applying these principles to the case under consideration,—and we think them correct,—the indictment does not charge the crime of assault with intent to commit any felony.

In support of the sufficiency of the indictment in this case, we are cited a few authorities which

seem to hold that it is not necessary to allege that the prosecutrix is not the wife of the defendant. In reviewing these authorities, we should not be unmindful of the fact that at common law the element introduced into our statute as a part of the definition of the crime of rape did not enter into such definition, and that it was not necessary to aver the fact that the person injured was not the wife of the person accused of the crime. Courts sometimes follow old, established rules without observing statutory changes and modifications, and such decisions are misleading, and have no standing as precedents. It is unsafe to follow the decision of any court until an intelligent examination has been made of the statutory provisions upon which such decision is based.

In the case of *State v. White*, 25 Pac. 33, the supreme court of Kansas held that in a prosecution for rape it was unnecessary to aver in the indictment that the prosecutrix was not the wife of the accused, but this decision is based upon two grounds: First, that the indictment substantially follows the language of the statute, and that it had never been required to make such allegation in an indictment; and, second, that, if the prosecutrix had been the wife of the defendant, her name would have been the same as his. As to the first ground, the court was correct, and, as the Kansas statute contains no such provision as ours, it was proper to follow the language of the statute. But the second reason given by the Kansas court is both unsound in reasoning and incorrect on principle, and in answer to that part of the opinion we adopt the language and reasoning of the Texas court, *supra*, and consider it conclusive.

The next case cited in support of the indictment is *People v. Estrada*, 53 Cal. 600. To show the weight of

this case as a precedent, we quote the part of the opinion in full which relates to this question: "The defendant was indicted for an assault with an intent to commit rape. The indictment is in the usual form. It is not necessary to allege that the person who is alleged to have been assaulted was not the wife of the defendant." No authorities are cited. No reasons are given in support of the conclusion reached, and it is not disclosed what the statutory provisions were at the time. In the face of a specific statutory definition of the crime of rape, we cannot follow this case as a precedent authorizing the omission to embrace one of the essential elements of the offense in the charge.

The only other case cited by the Territory in support of the indictment in this case is *State v. Willlams*, (Mont.) 23 Pac 335. The Montana statute seems to be identical with ours, and the identical question under consideration in this case was before the Montana court in the Williams case. The opinion is instructive and valuable, in that it reviews a number of authorities, and correctly states the rule as to when negative provisions or exceptions to a statute are required to be pleaded, and also supports our conclusion that the negative clause in our statute is a part of the definition of the offense, and, under the rules governing criminal pleading, should be negatived. But the court disparagingly quotes the California case, *supra*, and finally comes to the conclusion that in rape cases there has been a departure from the general rule, and hence treats rape as an exception.

Except the conclusion reached, the case supports our views herein expressed, and there is nothing in the case

that supports the conclusion reached by that court.
They follow the common law rule of pleading in rape
cases, and entirely ignore the new element incorporated
into the offense by their statute. None of these cases
are of sufficient weight to warrant us in departing from
a sound and well-settled rule of criminal pleading, of
long standing, which has never been questioned in prin-
ciple, but has frequently been misapplied. While our
jurisprudence is yet in the formative period, and each
decision is liable to become the foundation precedent by
which will be tested and tried the highest and most
sacred rights, it is better that we adhere to those prin-
ciples which are the result of the combined wisdom of
the most enlightened minds of the past, and which have
commended themselves to the best judgment of our
ablest jurists, and depart only when changed conditions,
legislative modifications, or a more enlightened under-
standing shall require that such departures be made in
order to insure a more equal poise of the scales of justice.
Our conclusion is that, in order to constitute a good
charge of intent to commit the crime of rape, the in-
dictment should contain the specific averment that the
person assaulted was not the wife of the person charged
with the assault.

But the indictment embraced a good charge of simple
assault and there was no error in overruling the de-
murrer on the ground that the indictment failed to
charge a public offense. Yet, as the defendant was
found guilty of an assault with intent to commit rape,
the motion in arrest of judgment should have been
sustained, as no such judgment could properly be as-
sessed on the charge contained in the indictment.

There are other fatal defects in this indictment.  The cause was tried and jury instructed on the theory that the indictment charges an assault with intent to commit the crime of rape, under the first subdivision of the statute defining such offense, to wit:  "Where the female is under the age of 16 years, of previous chaste and virtuous character."  One of the essential elements of the crime in this class is that the female assaulted must have been of previous chaste and virtuous character.  This law is for the protection of the girl of tender age and immature judgment who is pure, chaste, and virtuous.  The male person who indulges in sexual intercourse with such a female, not his wife, is classed by the law alongside of the one who forcibly ravishes the female over 16 years of age.  No elements of force, violence, or resistance enter into this particular class of rape.  This statute does not impose its penalty on one who cohabits with a prostitute or harlot under 16 years of age, but only against him who would despoil the innocent of her virtue.  If she was not of chaste and virtuous character, then she does not possess that which the law was enacted to protect, and she has passed that stage or condition where the law longer regards her as requiring its guardianship.  She can then only claim the imposition of the penalty for rape when she has been ravished by force which she could not successfully overcome, or where she is incapable of consenting, or she has unknowingly been imposed upon.

The indictment failed to aver that the defendant committed the assault with intent to feloniously have sexual intercourse with Ethel Gray, a female person under the age of 16 years, of previous chaste and virtuous char-

acter; she, the said Ethel Gray, not then and there being the wife of him, the said John Young. The same rules of pleading we have heretofore considered apply with equal force to this element of the offense, and, for failure to aver that the female assaulted was of previous chaste and virtuous character, the indictment was insufficient to charge the intent to commit rape, under the first subdivision of the statute. In this connection we may remark that there are a number of authorities holding that, in a charge of an assault with intent to commit a felony, it is only necessary to allege the assault as in an indictment for an assault, and follow with an allegation of an intent to commit the particular felony, (naming it,) without setting out the acts constituting the felony.

This may be good pleading in some instances of purely statutory offenses. Many of the states have statutes specifically declaring that it shall be sufficient in any case to set out the offense in the language of the statute, and where such statutes have been upheld the courts have sustained indictments for assault with intent to commit a particular felony which failed to aver the acts constituting the felony, by reason of these particular statutes. We have no such statute. Our Criminal Code authorizes great liberality in criminal pleading. Old forms, technical words, useless phraseology, and repetition may be dispensed with, but the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." (Section 5068, Statutes of 1893.)

"The indictment must be direct and certain as it regards: First. The party charged. Second. The offense charged. Third. The particular circumstances of

the offense charged, when they are necessary to constitute a complete offense." (Section 5069, *Id.*)

These provisions of our statute require a statement of the acts constituting the offense. Certainly, if acts are required to be stated, and all the acts constituting the offense, it cannot be consistently said that alleging an assault with the intent to commit rape, larceny, burglary, or other felony, without in any manner defining the felony, is such a statement of facts as is contemplated by the statute. In charging an assault with intent to commit a felony, the acts constituting the assault should be stated in the charge, and then the pleader should aver the intent to commit the particular felony, and the essential elements of the felony should be set out with sufficient certainty to enable a person of common understanding to know what is intended. The intent to commit a particular felony must have been manifested by the character of the assault upon the person. Both ingredients are material—the assault, and the intent to commit the particular crime. (*Garrison v. People*, 6 Neb. 274.)

The attempted crime not being consummated, the gist of the offense consists in the intent with which the assault was committed. It must, therefore, be distinctly alleged and proved. It must be alleged and proved that the assault was made with that specific intent. (Clark, Cr. Proc. p. 189.)

The indictment under consideration does not specifically aver the acts constituting any felony known to our statutes. As already stated herein, it did not contain a sufficient charge of an intent to commit the crime of rape as defined in the first subdivision of statute. The only averment in the indictment as to the

intent is, "And her, the said Ethel Gray, did wound and ill treat, with intention her, the said Ethel Gray, and against her will,feloniously to ravish and carnally know."

There are none of the elements contained in the second subdivision defining rape embraced in this allegation. The third is, "Where she resists, but her resistance is overcome by force or violence." This statute was defined and interpreted in *Sowers v. Territory,* 6 Okla. 436, 50 Pac. 257, and it was there held that it must appear that the prisoner intended to gratify his passions at all events, and notwithstanding the utmost resistance of the woman. One is not guilty of rape, under this subdivision, even though he have sexual intercourse with a woman against her will, unless she resists and her resistance is overcome by force or violence. There is no allegation that the defendant intended to have sexual intercourse with the said Ethel Gray by force and violence sufficient to overcome any resistance she might make. This is necessary in order to constitute rape under this subdivision. There must have been an intent at the time of the assault to have sexual intercourse with Ethel Gray, and the defendant must have intended to use the amount of force necessary to overcome her resistance, and all the resistance she might make. If she did not resist, it would not be rape; hence it must be alleged that defendant assaulted the female with intent then and there to have sexual intercourse with the said Ethel Gray, and by force or violence to overcome her resistance, and this intent and purpose must be proved.

The averment in the indictment that he intended to ravish and carnally know her against her will is not

equivalent to the requirements of the statute. There are no averments in the indictment that tend to bring the charge within either of the other subdivisions. The charge contained in the indictment is insufficient to support the judgment in this cause. The motion in arrest should have been sustained.

Serious complaint is made of certain remarks of the trial court in reference to counsel for defendant during the progress of the trial, and in the presence of the jury. Counsel should at all times treat the court, opposing counsel, litigants, and witnesses with fairness and courtesy. The court should accord the same treatment to counsel. The courts in the trial of criminal causes should exercise the greatest care and caution to see that nothing escapes from the trial judge in the presence of the jury whereby the jury may be able to get an impression that the judge favors one side or the other, or shows more courtesy to counsel on one side or the other.

In *Cronkhite v. Dickerson*, 51 Mich. 177, 16 N. W. 371, Mr. Justice Sherwood said: "Jurors are very vigilant in scrutinizing all that is said by the trial judge in the progress of a cause before them, and great care should be observed that nothing is said which can by any possibility be construed to the prejudice of either party. Courts cannot be too circumspect in this regard."

Mr. Justice Cooley, in *Wheeler v. Wallace*, 53 Mich. 355, 19 N. W. 33, said: "It is possible for a judge to deprive a party of a fair trial, even without intending to do so, by the manner in which he conducts the case, and by a plain exhibition to the jury of his own opinions in respect to the parties or to their case; and, when it is apparent that a fair trial has not been had, a court of review should

give relief as soon for that cause as for any other.    *    *
It is nevertheless possible for a judge, however correct
his motives, to be so unconsciously disturbed by circum-
stances that should not affect him, as to do and say, in
the excitement of a trial, something, the effect of which
he would not at the time realize, and thereby accomplish
a mischief which was not designed."

In the case of *McDuff v. Detroit Evening Journal Co.*,
47 N. W. 671, the supreme court of Michigan said: "What-
ever language may be used by counsel in the heat of trial,
it is the legal duty of the judge to preside and decide with
impartiality, and to keep counsel within proper
bounds. Appellate courts must presume that one occupy-
ing so important a position as that of circuit judge can
influence a jury. It is their duty to follow his instructions
as to the law. Whenever he expresses an opinion on
any disputed fact or on the character of a witness, or
compliments one attorney at the expense of the other,
or uses language which tends to brings an attorney in
contempt before the jury, or uses any language which
tends to prejudice them, he commits an error of law, for
which the verdict and judgment must be promptly set
aside."

We approve these statements of law, and commend
them to the consideration of all trial judges. If, as is
not infrequently the case, it becomes necessary for the
court to admonish counsel, or to assess punishment
against attorneys engaged in the trial of a cause for im-
proper language or behavior, it is better that such action
be taken after the jury has been withdrawn, especially in
the trial of a criminal cause. The jury who watch with
scrutinizing eagerness every ruling of the court, and

watch his actions and weigh his words with scrupulous. exactness, are liable to take the criticisms of counsel by a trial judge as an indication of his opinions or views of the cause, or, by becoming prejudiced against counsel, let such prejudice affect the party he represents. However, as this cause must be reversed for error in overruling the motion in arrest of judgment, it is not necessary for us to express any opinion as to the effect of the particular matters complained of on the part of the trial judge in this cause.

Numerous other errors are assigned, one of which is that the court erred in overruling the motion for new trial. For the reasons already stated, that the cause was tried on a wrong theory, and the instructions and rulings given on such theory, the motion for new trial should have been sustained. The judgment is reversed, and cause remanded, with directions to sustain the motion in arrest of judgment, grant a new trial, and proceed in accordance with the views herein expressed.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.