## JOHN HUDSON v. THE STATE.

### No. 3326.   Decided November 22, 1905.

**1.—Assault and Attempt to Rape—Evidence—Self Serving Declaration.**

Upon a trial for assault with attempt to rape, where defendant testified that he was under 14 years of age at the time of the trial, and the State attempted to impeach his testimony by showing that defendant had made statements that he would be 16 years old in a short time, it was error to exclude the testimony of the defendant made before the grand jury wherein he stated that he would be 14 years on a certain day; all these matters having occurred subsequent to the alleged transaction.

**2.—Same—Charge of Court—Definition of an Assault—Sense of Shame—Force.**

To constitute an assault to rape even upon a girl under 15 years of age, there must be something more than bodily pain or constraint or sense of shame or disagreeable emotions of the mind, there must be an assault, coupled with the purpose of having intercourse with the assaulted girl. See charge of court on this question held erroneous.

**3.—Same—Degree of Force—Charge of Court.**

See testimony in opinion containing statement of principal State's witnesses that the trouble between herself and defendant was a fight, and not including the idea that it was an assault with intent to rape, upon which the court should have given a charge.

**4.—Same—Charge of Court—Intent of Defendant.**

The assault and the intent to have intercourse must concur as to time and on a trial for assault with attempt to rape or assault with intent to rape, the charge should be clearly given on that phase of the case.

Appeal from the District Court of Coleman.   Tried below before Hon. John W. Goodwin.

Appeal from a conviction of an assault with attempt to commit rape; penalty, three years imprisonment in the penitentiary.

The following statement taken from appellant's brief is substantially correct:—

The State relied alone upon the testimony of the prosecutrix Myrtle Wallace, who testified in substance: that on the 3rd of June, 1905, while traveling on the public road in the direction of her home the defendant ran up behind her and grabbed her by the shoulders and said, "Let's do some fuck." That she jerked loose from him and ran out of the public road about forty yards where the defendant caught her again; that they struggled there for some time, defendant trying to pull her clothes up, she trying to keep them down; that in doing so he tore her dress skirt and underskirt; that he pulled her clothes up and tore her drawers off; that she kept struggling with and fighting the defendant, and he finally got up and left her, saying that if she told any one he

would do worse the next time. She also says that when the defendant caught her the second time he slung her down and tried to pull her clothes up and got on top of her, and that when he caught hold of her his pants were unbuttoned and his privates were out and that his privates were out when he was trying to get her clothes up and was on top of her.—There is no statement that he attempted to penetrate her.

Defendant testified in substance:—That he was on his horse at the time and did not get off of his horse; that he saw the prosecutrix sitting down behind some bushes beside the road, apparently attending to a call of nature; that he was near by before he saw her and that his horse shied; that he ran his horse towards her and said, "Look out, Myrtle, by God, I'll run over you." That she jumped up, began crying and ran through some Algerita bushes, tearing her clothes; that he did not touch her and did not get off of the horse.

A few minutes after the alleged assault the prosecutrix met Ham and Tillman Brothers and her brother, Willie Wallace; she was crying and these parties asked her what was the matter and she told them the defendant had been fighting her, and that was all she said; that she said nothing about her drawers being torn or any attempt to rape her; she went on home and when her father returned that night from Santa Anna she told him that the defendant had been fighting her and torn her clothes nearly off of her and that was all she told him. Prosecutrix showed her father and three others the place where she claimed the scuffle took place and none of them saw any evidence whatever of any scuffle; the prosecutrix and the defendant were on familiar terms and on a previous occasion she had told him to kiss her ass.

The second count of the indictment charged that defendant then and there did unlawfully make an assault in and upon the person of Myrtle Wallace, a female then and there being under the age of 15 years, and she the said Myrtle Wallace not then and there being the wife of him the said defendant (John Hudson), and the said defendant did then and there attempt to ravish and have carnal knowledge of her the said Myrtle Wallace. Against the peace and dignity of the State.

*Snodgrass & Dibrell,* for appellant.—On question of charges of the court: Carter v. State, 6 Texas Ct. Rep., 265.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts (1) assault to rape by force, threats and fraud, upon Myrtle Wallace; and (2) by means of an assault upon Myrtle Wallace, who was then and there under 15 years of age. The conviction occurred under the second count.

The first bill was reserved to the refusal of the court to permit appellant to prove by district attorney, Baker, that appellant testified before the grand jury, that he would be 14 years of age on the 5th day of

October, 1905. This assault should have occurred on the 3rd day of June, 1905. The reason for excluding this was that it was a self-serving declaration. Appellant took the stand and testified in his own behalf that he was under 14 years of age, and that his birthday was October 3, 1905. This conviction occurred on the 28th of September, 1905. To meet this statement of appellant, witnesses Johnson and Irvine were placed on the stand, and testified that they had warned defendant while they had him under arrest for this offense, and that after such warning he stated to them that he would be 16 years old his next birthday. Appellant was carried before the grand jury by the district attorney, and when his counsel requested that they be permitted to talk and counsel with him before testifying, the court refused them permission, and he did testify before the grand jury, and among other things stated that he would be 14 years of age the following October. When he was impeached and contradicted by the statements of Johnson and Irvine, he ought to have been permitted to sustain himself by the statements made before the grand jury. These matters all occurred subsequent to the alleged transaction, and the testimony of Johnson and Irvine was used to contradict and impeach his testimony on the trial. His statement before the grand jury then should have been permitted to go in to show that he had made the same statements out of court that he had made in court, and to meet the effect of the statements of Johnson and Irvine. The State also proved by Dock Wallace that defendant told him last winter that he would be 16 years of age his next birthday. The rejected testimony was practically of the same character as that offered by the State; that is, statements of defendant contrary to his testimony on the trial. The statements made before the grand jury were confirmatory of his testimony on the trial, and practically of the same class of testimony. It should have been permitted to go to the jury along with the impeaching statements. Hutchins v. State, 33 Texas Crim. Rep., 298, and authorities there cited.

Several errors are assigned upon the court's charge. In regard to the second count the court gave the definition of an assault, as the use of any unlawful violence upon the person of another with intent to injure, whatever be the means or degree of violence used, is an assault and battery. Or any threatening gesture, showing in itself, or by words accompanying it, an immediate attention, coupled with the ability to commit a battery is an assault. The injury intended may be bodily pain, constraint, a sense of shame, or other disagreeable emotions of the mind. The court then says: "Applying the foregoing rules of law to this case, you are instructed that if defendant Hudson did make an assault upon the person of Myrtle Wallace with the intent, etc., to convict him of assault with intent to rape." In order to constitute an assault to rape even upon a girl under 15 years of age, there must be something more than bodily pain or constraint or sense of shame or disagreeable emotions of the mind. There must be an assault. There must be a taking hold of the person for the purpose of committing the rape.

It is not enough that the mind of the woman or the girl is humiliated in some way or by some disagreeable emotion of the mind, unless there is an assault made upon the person. It has been determined that an assault may not be of the character as intended to overcome all resistance, but still there must be an assault, coupled with the purpose of having intercourse with the assaulted girl. This question was expressly decided in Carter v. State, 44 Texas Crim. Rep., 312, 6 Texas Ct. Rep., 264.

The res gestæ statements of Myrtle Wallace were introduced in evidence through herself and other witnesses to the effect that she and defendant had been fighting, and she at that time—which was immediately after the trouble between herself and defendant about which she testified—may have alluded to the fact that appellant had made an assault upon her with intent to have intercourse, but in mentioning this matter to all the parties, she said it was a fight between herself and defendant. An exception was reserved to the court's charge in failing to give this theory. This was the res gestae of the transaction, testified by the girl herself as well as by the other witnesses, and raised an issue in the case. If there was only a fight between her and appellant, the jury should have acquitted of assault to rape; and it was a very important issue. On the trial she testified to facts which make out an assault with intent to rape. Immediately after the transaction, and for sometime subsequent, she always made the statement that it was a fight, excluding the idea, or not including the idea of it being an assault with intent to rape. There was error in this omission.

The court charged the jury, among other things, as follows: "You are instructed, as a part of the law applicable to the second count, that the slightest touching of the person of Myrtle Wallace by the defendant with the ulterior purpose and intention on his part at the time to have sexual intercourse with her, would constitute an assault with intent to rape." Many objections are urged to this charge, as not being the law. It certainly is not clear. It charges the jury, if he had the ulterior purpose at the time to have sexual intercourse with her, he would be guilty. If this ulterior purpose on his part at the time was to have sexual intercourse with her then, the charge might perhaps express the law. But if the ulterior purpose then in his mind was to have sexual intercourse with her at some future time, it certainly would not be the law. The assault and the intent to have intercourse must concur as to time. The charge should be clearly given.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.