## ALBERT D. WEAVER v. STATE.

No. A-2711.    Opinion Filed December 6, 1919.

(185 Pac. 447.)

1. **RAPE—Statutory Rape—Intent—Overt Act.** To sustain a conviction of attempt to have carnal knowledge of a female under the age of 16 years, there must not only be the intent, but some overt act in furtherance of such intent must be shown.

2. **RAPE—Insufficiency of Evidence.** The evidence in this case carefully examined, and held insufficient to support the verdict of guilty as found and returned by the jury.

*Appeal from District Court, Woodward County; James B. Cullison, Judge.*

Albert D. Weaver was convicted of an attempt to have sexual intercourse with a female under the age of 16 years, and appeals. Reversed, with instructions to dismiss the case and discharge defendant.

*W. A. Briggs,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Albert D. Weaver, hereinafter referred to as defendant, was informed against for the offense of an attempt to have sexual intercourse with Vinnie Hand, a female under the age of 16 years, convicted and sentenced to confinement in the county jail for one year and a day. To reverse the judgment rendered, the defendant prosecutes this appeal.

The evidence for the state tends to show that Vinnie Hand, a female under the age of 16 years, retired to bed and went to sleep, and that during the night she was awakened by the lady of the house coming to her room,

with a lighted lantern, and a man dressed only in his underclothes was in bed with her; that said man, so far as Vinnie Hand knew, had not kissed, hugged, or in any manner come in contact with her body, or even spoken to her; that the lantern carried by the lady of the house gave sufficient light to plainly see who the man in the bed with Vinnie Hand was; that the said lady of the house left the room, and was followed by the man who had been in the bed with Vinnie Hand, without said man making any explanation of his presence in said room and bed; that the defendant was, on the night the attempt was alleged, at the house in which Vinnie Hand's room was, and retired to bed about 1 o'clock and took breakfast at the said house next morning, and both Vinnie Hand and the lady of the house positively identified the defendant as the man who was in the bed with Vinnie Hand.

Upon conclusion of the evidence the defendant moved the court to instruct the jury to return a verdict of not guilty, which the court refused to do, and the defendant excepted.

On the part of the defense the evidence tended to show that at the time alleged defendant was at his home nearby.

Several witnesses testified that Miss Vinnie Hand had stated to them that there was a man in her room that night, but she did not know it was A. D. Weaver, but that she had to swear it was, or they would send her to the reform school.

Several witnesses testified that they, with A. D. Weaver, were threshing at the place where Vinnie Hand was staying, and A. D. Weaver did not wear underclothes while working with this threshing crew.

There are several errors assigned, but under the view we take of the case we deem it unnecssary to consider any of the said errors complained of, other than that of the court in refusing to direct a verdict for the defendant.

"To constitute an attempt to rape, there must be something more than a mere preparation; there must be some overt act, with the intent to commit the crime, coupled with an actual or apparent present ability to complete the crime. Mere indecent advances, solicitations, or importunities do not amount to an attempt." 33 Cyc. 1431, d—citing many authorities.

In *Endson v. State*, 49 Tex. Cr. R. 24, 90 S. W. 177, it is held:

"To constitute an assault with intent to rape a girl under 15 years of age, there must be a taking hold of her for the purpose of sexual intercourse with her."

In *Carter v. State*, 44 Tex. Cr. R. 312, 70 S. W. 971, it is held:

"To constitute an assault with intent to rape a girl under 15, there must be a taking hold of the girl in such manner as to indicate the specific intent to have carnal knowledge of her, and the mere fact that an accused may have produced in the girl's mind a sense of shame or other disagreeable emotion or constraint is not sufficient."

In *Garrison v. People*, 6 Neb. 274, it is held:

"To constitute an assault with intent to commit a rape there must have been an intent to commit a rape, and that intent must have been manifested by an assault for that purpose upon the person intended to be ravished. Both of those ingredients are necessary to constitute the offense."

In *State v. Charley Lung*, 21 Nev. 210, 28 Pac. 235, 37 Am. St. Rep. 505, it is held:

"An act to constitute an attempt must go further than mere preparation. It must be a direct movement towards the commission of the offense after the preparation is made, and must be adequate to its commission."

In *State v. Harney*, 101 Mo. 470, 14 S. W. 657, it is held:

"That the mere verbal solicitation of a female child under the age of consent to permit sexual intercourse was not an attempt to commit rape, as the evil purpose, so long as it exists in contemplation only, is not within these provisions of the law."

In *State v. Siseling*, 186 Mo. 521, 85 S. W. 372, it is held:

"On a prosecution for an assault with intent to commit rape on a female under 14 years of age, an intent evidenced by persuasion or inducement is not enough, but some physical force is requisite."

In the body of the opinion it is said:

"The mere harboring of an attempt to commit rape, and nothing more, does not constitute the crime. The essence and gist of the offense is the unlawful assault, with the intent to commit it. *State v. Rider*, 90 Mo. 54, 1 S. W. 825. The fact that the prosecutrix is under the age of consent and is incapable of consenting to carnal knowledge does not dispense with the necessity of charging and proving one of the essential elements of the offense. * * * As applicable to the cases of the character now being considered, there must be some physical force put in motion—not that the prosecutrix, who is incapable of consenting, must resist such force, or object to it; but there must be such force in making the assault, together with other circumstances in the case, as will demonstrate the purpose and intent of the party charged to have carnal knowledge of the female under the age of consent. *State v. Crooms* [40 Tex. Cr. R. 672] 51 S. W. 924; 53 S. W.

882.  *  *  *  An analysis of all the authorities upon this subject leads irresistibly to the conclusion that there must be an assault; that is, there must be some physical force put in motion toward the female, even though such force be with her consent.  In other words, the assault must be of that character indicative of the intent to commit the offense of unlawful carnal knowledge of a female incapable of consenting to the consummation of the act."

In *Proctor v. State*, 15 Okla. Cr. 338, 176 Pac. 771, it is held:

"A guilty intention, unconnected with an overt act or outward manifestation, cannot be made the subject of punishment under the law.

"An act and a guilty intent must combine to constitute a crime, and must generally concur in point of time."

In *Proctor v. State, supra,* the following excerpts from *Howell v. Stewart*, 54 Mo. 400, are stamped with approval:

"To constitute a crime there must be some omission or commission.  An intent to commit a crime is not indictable; and, although the intent is, in general, of the very essense of the crime.  *  *  *  ·

"Human laws and human agencies have not yet arrived at such a degree of perfection as to be able, without some overt act done, to discern and to determine by what intent or purpose the human heart is actuated."

The action of the defendant in connection with the prosecutrix as shown by the evidence in this case constituted a great wrong, and deserves the highest condemnation, but in this, as in all other cases, we can only apply the established rules of law.

"The defendant, to be guilty of an intent to have sexual intercourse with a female under 16 years of age,

must not only entertain the intent, but he must demonstrate such intent by some overt act," and such overt act is not shown by the evidence in this case; the uncontradicted evidence of the prosecutrix being "that so far as she knew the defendant had not kissed, hugged, or in any manner come in contact with her body, or spoken to her."

It follows that the evidence is insufficient to support the verdict rendered, and the court committed reversible error in refusing to direct a verdict for the defendant.

The judgment of the trial court is reversed, with instructions to dismiss the case and discharge the defendant.

DOYLE, P. J., and MATSON, J., concur.