## WALTER D. CLINKSCALES v. STATE.

No. A.-6960.   Opinion Filed Jan. 25, 1930.
(288 Pac. 348.)

Mounts & Chamberlin, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tillman county of the crime of assault with intent to commit rape, and his punishment fixed at a fine of $175.   It is from this verdict of the jury that he appeals.

The record in this case recites a story of debauchery and wanton human misconduct almost unbelievable.   The evidence of the prosecutrix is that she was married at the age of 12 years; that from the time she was 14 years of age her husband took her around the country and solicited men to have sexual intercourse with her as a means of procuring a livelihood; and that during nearly two years she had intercourse with such a large number of men that she was unable to remember who they were or where the intercourse occurred.   She testified that on or about the 22d day of August, 1927, one Eugene Wise took her to the home of the defendant; that it was a two-room

house with only one bed; that she was dressed in overalls with a thin undergarment; that she slept the first night in the bed between Wise and the defendant, sleeping in the undergarment, and that the defendant did not attempt to have intercourse with her; that on Monday night before the defendant came home she had intercourse with Wise; that the three slept in the same bed as the night before; that on Tuesday night she again had intercourse with Wise before defendant came home, and that when defendant came home she was standing beside the bed in this undergarment; that the defendant asked her to have intercourse with him; that this was in the presence of Wise and another man in the house named Hanley, and that she told the defendant that her monthlies were on, and that the only thing the defendant did was to put his arm around her and ask her to have intercourse with him; that he made no assault upon her and made no attempt further than to ask her to have intercourse with him. The defendant vehemently denied that he attempted to have intercourse with the prosecutrix.

The defendant contends that the evidence offered by the state is wholly insufficient to constitute an assault with intent to commit rape. To constitute an attempt to rape there must be more than a mere preparation. There must be some overt act, with the intent to commit the crime, coupled with an actual or apparent ability to complete the crime. Mere indecent advances, solicitations, or importunities do not amount to an attempt.

In the case of Carter v. State, 44 Tex. Cr. R. 312, 70 S. W. 971, it is held:

"To consitute assault with intent to rape a girl under 15, there must be a taking hold of the girl in such manner as to indicate the specific intent to have carnal knowledge of her, and the mere fact that an accused may have pro-

duced in the girl's mind a sense of shame or other disagreeable emotion or constraint is not sufficient." Garrison v. People, 6 Neb. 274; State v. Harney, 101 Mo. 470, 14 S. W. 657.

In Proctor v. State, 15 Okla. Cr. 338, 176 Pac. 771, this court said:

"A guilty intention, unconnected with an overt act or outward manifestation, cannot be made the subject of punishment under the law."

In Weaver v. State, 16 Okla. Cr. 564, 185 Pac. 447, this court said:

"To sustain a conviction of attempt to have carnal knowledge of a female under the age of 16 years, there must not only be the intent, but some overt act in furtherance of such intent must be shown."

In this case the evidence of the prosecutrix is uncorroborated and fails to establish the charge of assault upon her with intent to commit rape. It was error for the trial court to permit the case to go to the jury, since there was no competent evidence proving the charge beyond a reasonable doubt as required by law. For the reasons stated the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.