## EDWARD WERMY v. STATE.

No. A-7187.   Opinion Filed June 14, 1930.
(289 Pac. 361.)

J. W. Osmond and R. H. Morgan, for plaintiff in error.

The Attorney General and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of assault with intent to rape, and his punishment fixed by the court at imprisonment in the reformatory at Granite, Okla., for a period of four years.

The evidence of the state was that Marie Sanders, an 8 year old girl, was on the way from her home to a country school about two and a quarter miles away; that the defendant, an Indian boy, caught up with her and after walking by her side for some distance made her get out on the side of the road and asked her if she would do something for him if he would give her a quarter, and that he threw her down on the east side of the ditch and made an indecent proposal to her and that she began to cry and he let her up and told her not to tell it and he would not do anything to her any more. This little girl picked the defendant out of a group of men in the county jail, purposely arranged to resemble him in size and characteristics, and again picked him out in the court room in the presence of the jury as the one who had assaulted her. Two other little girls of about the same age saw part of the assault and corroborated the Sanders girl's story in several respects. Other witnesses were introduced to establish the age of the girl, the venue of the crime and purported admissions made by the defendant.

The defendant is an Indian boy 18 years of age. He did not take the witness stand and offered no evidence in his defense. Defendant contends, first, that the court erred in overruling his demurrer to the information for the reason that the information did not allege Marie Sanders, the girl upon whom the assault was alleged to have been committed, was of previous chaste and virtuous character, and cites in support of this contention, Young v.

Territory, 8 Okla. 525, 58 Pac. 724; Weaver v. State, 16 Okla. Cr. 564, 185 Pac. 447, and Davis v. State, 17 Okla. Cr. 604, 191 Pac. 1044. None of these cases are in point. In Young v. Territory, supra, the prosecution was had under Session Laws of 1895, p. 104, c. 20, art. 2, § 1, which reads as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: First. Where the female is under the age of 16 years, of previous chaste and virtuous character."

Weaver v. State, supra, is not in point on this question. Davis v. State, was a female under the age of 18 years and the prosecution was had under subdivision 2, § 1834, C. O. S. 1921. The prosecution in the case at bar was had under the first division of section 1834, C. O. S. 1921, which reads as follows: "Where the female is under the age of sixteen years." The statute having been amended since the decision in Young v. Territory, supra, it is not necessary to allege in the information, where the assault is committed on a female under the age of 16 years, that she was "of previous chaste and virtuous character."

Defendant next contends that there was no proof of venue showing that the crime was committed in Comanche county, Okla. Marie Sanders testified that she was assaulted by the defendant on the road between her home and the schoolhouse. Susie Sanders, the mother of the girl, testified: That her home was in Comanche county, Okla.; that the girl assaulted was attending the Blue Beaver school and that that school was in Comanche county and that the road the little girl was traveling over in going from her home to the school was in Comanche coun-

ty, Okla. This evidence was amply sufficient to establish the venue of the crime.

Defendant's counsel next complains that the trial was had in his absence and was not postponed to permit him to appear as counsel for the defendant. The record discloses that at the time the case was called for trial the state was represented by the county attorney and an assistant, and that the defendant was present in person and was represented by counsel, to wit, Lewis Hunter, of Lawton, Okla. The record fails to show any application being made to postpone the case or that J. W. Osmond, attorney, had appeared in the case or was of counsel for the defendant. None of the matters complained of by counsel in his brief appear in the case-made except as the same appears in a supplemental motion for a new trial filed by said J. W. Osmond as attorney for the defendant. The record presents no question under this assignment for consideration by the court.

The jury found the defendant guilty, but were unable to agree upon the punishment and left the same to be fixed by the court. There is ample, uncontradicted evidence in the record to support the verdict of the jury. The defendant did not accomplish his purpose, abandoning the assault upon the appearance of two other little girls. Under all the facts and circumstances disclosed by the record, we cannot say that imprisonment for four years is an excessive punishment.

The errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.