ROBERT JOICE, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

1. An indictment for an assault with intent to commit a rape, is sufficient, if it shows the sex of the person assaulted, by other words of the indictment, without the use of the term "female."
2. To sustain a verdict of guilty on such a charge, the evidence should show that the defendant not only made the assault, but that it was his intent at the time, forcibly and against her will, to have carnal knowledge of the person assaulted.

Criminal law. Rape. Indictment. Before Judge SCHLEY. Bullock Superior Court. April Term, 1874.

Robert Joice was indicted for the offense of rape, as follows: " For that the said Robert Joice, in the county of Bullock and state of Georgia, aforesaid, on the 6th day of March, in the year 1874, with force and arms, in and upon

one Sarah E. Groover, in the peace of God and said state, willfully, feloniously and violently, did make an assault, and her, the said Sarah E. Groover, did then and there forcibly and against her will, feloniously ravish and carnally know, contrary," etc. The indictment also contained a count for an assault with intent to commit a rape. A motion to quash was made upon the ground that the indictment failed to show that the person upon whom the offense in each case alleged to have been committed, was a female. The motion was overruled, and the defendant excepted.

The evidence disclosed that Sarah E. Groover was in the kitchen of her father's house, washing up dishes by the light of a lamp; that as she started out of the kitchen door, the defendant blew out the light and caught her around the waist; that he did not pull her to him; that she called her father, who came; that it was dark in the kitchen when the lamp was blown out, though there were coals in the fire-place; that she came out of the kitchen crying; that this building was about thirty yards from the house.

The jury found the defendant guilty of an assault with intent to commit rape. A motion was made for a new trial because the court erred in refusing to quash the indictment, and because the verdict was contrary to the law and the evidence. The motion was overruled, and defendant excepted.

JAMES K. HINES, by A. B. SMITH, for plaintiff in error.

ALBERT R. LAMAR, solicitor general, for the state.

TRIPPE, Judge.

1. There was no abstract or brief furnished in this case, and the record was chiefly made up of the original papers used in the court below, and some of them separate and detached from the others. No objection was made to the hearing of the case on that ground. On looking through these papers we are satisfied that enough does not appear in the evidence as it was sent up, to authorize the verdict.

2. To sustain a verdict of guilty on such a charge, the evidence should show that the defendant not only made the assault, but that it was his intent, at the time, *forcibly and against her will, to have carnal knowledge* of the person assaulted. We think that justice requires there should be another trial, and as the matter will be passed upon by another jury, we will not discuss the testimony. As to the point that the indictment did not allege the person assaulted to be a female, it is sufficient to say that the sex is shown by other words used therein.

Judgment reversed.