THE STATE v. WARNER, *Appellant.*

1. **Rape:** INDICTMENT. An indictment which alleged that *d* . . . uano, in and upon one Mary A. Culberson, * * violent_y * . did make an assault, and her, the said Mary * * against her will * * did ravish and carnally know, was *Held* not to be defective because it failed to allege that the said Mary was a woman.

2. ———: INSTRUCTIONS. An instruction to the jury to acquit, should only be given where there is no evidence tending to prove the offense charged.

3. ———: VERDICT: EVIDENCE. A judgment, even in a criminal case, will not be reversed on the ground that the verdict was against evidence, unless there is a total absence of evidence, or it fails so completely to support the verdict that the necessary inference is that the jury acted from prejudice or partiality. *State v. Musick,* 71 Mo. 401, followed.

4. ———: EVIDENCE: RES GESTAE. Evidence is admissible that the woman, upon whom a rape is charged to have been perpetrated, made complaint thereof to her husband soon after the occurrence.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*Jas. T. Burney* and *Boggess & Railey* for appellant.

Under the statute, (R. S. 1879, § 1253,) it is necessary to charge that the person upon whom the supposed rape is alleged to have been committed, was a woman; the name, Mary, does not necessarily mean a woman or a fe-male. Names of many things, and especially of persons, are purely arbitrary and meaningless. *State v. Ross,* 25

Mo. 426. The court erred in allowing the prosecuting witness to be asked what she told her husband. *State v. Jones,* 61 Mo. 232; *Baccio v. People,* 41 N. Y. 265; *People v. McGee,* 1 Denio 19. The evidence adduced did not prove the crime charged. On the evidence adduced, the court ought to have instructed the jury to acquit. *State v. Brosius,* 39 Mo. 534; *State v. Arnold,* 55 Mo. 91; *State v. Burgdorf,* 53 Mo. 65; *Walter v. People,* 50 Barb. 144; *Strang v. People,* 24 Mich. 1; *Moran v. People,* 25 Mich. 356; *Pollard v. State,* 2 Iowa 567; *State v. Murphy,* 6 Ala. 765; *People v. Dohring,* 59 N. Y. 374; *State v. Jaeger,* 66 Mo. 173.

*D. H. McIntyre,* Attorney General, for the State.

The name of the person alleged to have been raped being the name of a woman, together with the use of the words "her" and "against her will," shows with certainty that the person was a female, and the indictment is, therefore, good. *State v. Farmer,* 4 Ired. (N. C.) 224; *State v. Hussey,* 7 Iowa 409; *Taylor v. Comm.,* 20 Gratt. (Va.) 825. The person raped is always a competent witness, and may be asked if she made complaint of the injury. *Regina v. Eyre,* 2 Foster & Finlason 579.

NORTON, J.—The defendant was indicted at the March term, 1881, of the circuit court of Cass county, for the crime of rape. He was found guilty on trial, and his punishment assessed to imprisonment in the penitentiary for six years. The case is before us on appeal, and we are asked to reverse the judgment because of alleged insufficiency of the indictment, and the action of the court in admitting improper evidence, in refusing proper and giving improper instructions, and the further ground that the verdict is not supported by the evidence.

The indictment is as follows: "The grand jury for the State of Missouri, empaneled, sworn and charged to 1. RAPE indict- inquire within and for the body of the county ment. of Cass, and State aforesaid, upon their oaths

present and charge that Henry Warner, on the 24th day of March, in the year of our Lord 1881, at the county of Cass, and State of Missouri, in and upon one Mary A. Culberson, unlawfully, violently and feloniously did make an assault, and her, the said Mary A. Culberson, then and there unlawfully, forcibly and against her will, feloniously did ravish and carnally know, against the peace and dignity of the State." It is objected that the indictment is defective in not alleging that Mary A. Culberson was a woman. This objection is untenable. It is said in section 574, Wharton Criminal Law, page 508: " Sex need not be expressly *eo momine* averred. Thus, where an indictment for rape charges that the defendant ' with force and arms, etc., in and upon Mary Ann Taylor,     *     *     violently and feloniously did make an assault, and her, the said Mary Ann Taylor, then and there violently and against her will, feloniously did ravish and carnally know,' the court can and must see with certainty that Mary Ann Taylor was a female."

At the close of the evidence on behalf of the State, the defendant asked the court to instruct the jury that 2. ——: instructions. under the evidence they must acquit the defendant. It is only where there is no evidence tending to prove the offense charged that such an instruction should be given. In this case the prosecutrix swore positively that defendant had carnal connection with her against her will and consent, using the necessary force to accomplish his purpose, overcoming such resistance as she was able to make. This instruction was, therefore, properly refused.

It is also claimed that the verdict is against the evidence, and that, for that reason, the judgment ought to be 3. ——: verdict: evidence. reversed. It was held by this court in the case of the *State v. Musick*, 71 Mo. 401, that it will not reverse a judgment, even in a criminal case, on the ground that the verdict is against the evidence, unless there is a total absence of evidence, or it fails so

completely to support the verdict that the necessary inference is, that the jury must have acted from prejudice or partiality.    Governing this case by the above rule, the verdict and judgment thereon must stand.    The instructions given submitting the questions involved in the case, were fair to defendant and unexce⁻·.onable, and if the jury believed the evidence of the prosecutrix, who stood before them entirely unimpeached as to character, they could not have found any other verdict, she having sworn positively that defendant committed the offense charged.    Her evidence was only impeached or rendered improbable by the circumstance that the offense was committed in one room of a house having two rooms, while her husband was in the other, and she made no outcry.    As an explanation of this impeaching circumstance, she stated that defendant was treating her for a womb disease, and that during his treatment he passed his hands over her face and placed his lips close to hers and blew into her mouth, his hands and whiskers both having a sweetish medicine smell, under the influence of which she became weak and prostrated and could not cry out in a loud voice, that she resisted all she could with her feet and hands, and that as soon as she recovered strength to get off the bed she made complaint to her husband ; that defendant claimed to be a faith doctor, that no one but himself and God knew he was a doctor, and that to treat her successfully no one must be present in the room.    A physician testified that it was possible for chloroform to be blown through a sponge into the mouth so as to produce stupor.    These were matters for the jury, and without soiling these pages by giving in full the disgusting details of the transaction, it is sufficient to say that they might well have found as they did.

There was no error in letting the fact go to the jury that she made complaint to her husband soon after the occurrence.    3 Greenleaf Ev., § 213, p. 176.

4. ——: evidence: res gestae.

Judgment affirmed, in which all concur.