## RALPH RECTOR v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 8, 1900.)

RAPE—*Indictment—Necessary Averment.* An indictment for assault with intent to commit rape by force should contain the averment that the defendant assaulted the female with the felonious intent to have sexual intercourse with her by force or violence sufficient to overcome any resistance she might make,

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*W. W. S. Snoddy,* for plaintiff in error.

*Jesse J. Dunn, County Attorney,* for defendant in error.

### STATEMENT OF THE CASE.

This was an indictment found by the grand jury in the district court of Woods county, at the May term, 1898. Said indictment being in words and figures as follows: *"Territory of Oklahoma v. Ralph Rector*—Indictment.

"The grand jurors, duly summoned, chosen, impaneled, sworn and charged at the May term afores id, of said district court, within ard for the body of Woods county, Oklahoma Territory, to inquire into and true presentment make of all public offenses against the Territory of Oklahoma, committed or triable within the county of Woods, in said Territory, in the name of and by the authority of the Territory of Oklahoma, upon their oaths present that Ralph Rector, on the 3rd of April, 1898, in the said county of Woods, did, in and upon Mary Tompkins, who then and there being a female, not the wife of the

said perpetrator, then and there wilfully, unlawfully and feloniously, by force and violence, make an assault, and her, the said Mary Tompkins, did beat, wound and ill-treat, with intent her, the said Mary Tompkins violent'y and against her will, feloniously, to ravage and carnally know; contrary to the statute in such case made and provided and against the peace and dignity of the Territory of Oklahoma.

"JESSE J. DUNN, County Attorney. '

"Filed in open court by the foreman of the grand jury, in the presence of the grand jury, this May 21, 1898."

At the same term of said court plaintiff in error filed a motion to set aside the said indictment, alleging in said motion the statutory grounds.

At the November term, 1898, said motion was overruled by the court, to which defendant excepted. On the 4th day of November, 1898, defendant filed a demurrer to said indictment. On the same day said demurrer was overruled, to which the defendant excepted. On the same day a jury was called, sworn and impaneled to try the case. Evidence being heard, the jury found the defendant guilty of an assault with intent to commit rape.

Afterwards, within the time allowed by law, plaintiff in error filed his motion for a new trial. Said motion was overruled November 28, 1898, to which the defendant duly excepted. Afterwards, during the term, and within the time allowed by law, the defendant filed his motion in arrest of judgment, alleging the statutory grounds. Said motion was by the court overruled, to which the defendant excepted. Afterwards, on the first day of December, 1898, the court entered judgment on said verdict in said cause, sentencing the defendant to the penitentiary for a term of five years, which was excepted to at the time.

The plaintiff in error brings this cause to this court for review, on the transcript, assigning the action of the court as error.

· Opinion of the court by

' IRWIN, J.:　It is evident that this is an indictment drawn under the third section of the definition of rape, as contained in the Statutes of 1895, as there is no allega-. tion in the indictment which could possibly bring it under any of the other subdivisions of the definition of rape as defined in the statutes of this Territory.　The third sub-division of the definition of the crime of rape as defined in our statute is as folows:　"Where she resists and her resistance is overcome by force and violence."

This statute was defined and interpreted in this court in the case of *Sowers v. Territory,* in the 6th Oklahoma, page 436.　And it was there held that it must appear that the prisoner intended to gratify his passion at all events, and notwithstanding the utmost resistance of the woman. One is not guilty of rape, under this subdivision, even though he have sexual intercourse with a woman against her will, unless she resists and her resistance is overcome by force or violence.

The principal objection urged in this case was before this court in the case of *Young v. The Territory,* 8 Okla. 525, and what was there said by this court will apply with equal force to this case.　What is said in that case, con-· cerning the indictment, can be truthfully said concerning the indictment in this case.　The court there says:

"There is no allegation that the defendant intended to have sexual intercourse with the said Ethel Gray by

force and violence sufficient to overcome any resistance she might make.   This is necessary in order to constitute rape under this subdivision.   There must have been an intent at the time of the assault to have sexual intercourse with Ethel Gray, and the defendant must have intended to use the amount of force necessary to overcome her resistance, and all the resistance she might make. If she did not resist, it would not be rape; hence it must be alleged that defendant assaulted the female with the intent then and there to have sexual intercourse with the said Ethel Gray, and by force or violence to overcome her resistance, and this intent and purpose must be proved. The averment in the indictment that he intended to ravish and carnally know her against her will is not equivalent to the requirements of the statute."

Now a comparison with the allegations contained in this indictment, and of the allegations contained in the Young indictment, will show that they are substantially alike.   The Young case having received the sanction and approval of this court must stand as the law governing such cases in this Territory.

While we think that the language used in the indictment, at the common law, would be sufficient to constitute a good and valid indictment, as under the statutes of many of the states, still, by the language used in our statute, defining the crime of rape, and the construction put upon that statute by this court, we think this indictment falls short of fulfilling the requirements of that statute.   An inspection of the language of our statute will show that the legislature evidently intended to draw the line more closely in defining the crime of rape, in this Territory, than what it was at common law, and what it was as defined in the statute of many of the states. The theory of the law in such cases always has been, both at

common law and under statute, that the proof must show that there was an utmost of force and an utmost of resistance.

As many law writers have said, in speaking of this subject, that a partial or half-hearted resistance would not do; that a slight or only partial resistance was more in the nature of an encouragement and invitation, than a resistance and remonstrance; that before the crime of rape can be shown, that the proof must show that the female resisted to the full extent of her power under the circumstances, and that her resistance was overcome by force; that being what the law required in the proof, the legislature of this Territory, in its wisdom, have seen fit to incorporate this into the definition of rape, and in order to charge the offense under the statute, it must be charged, substantially, in the language of the statute or words of equivalent meaning.

Hence, as under the language of our statute, as construed by this court, this indictment not containing the charge either in words or in substance, as required by statute, is defective, and the decision of the lower court should be reversed and the cause remanded to the district court with instructions to grant the motion in arrest of judgment, and for a new trial, and with orders that the prisoner be remanded to the county jail of Woods county to await the further action of the district court.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.