## O. H. LEE v. STATE.

No. A-590.   Opinion Filed April 16, 1912.

(122 Pac. 1111.)

1.   RAPE—Assault—Information—Requisites.   In a prosecution for an assault upon a female child under the statutory age of consent, with intent to commit a rape, it is not necessary to allege or prove that the acts were done against her will.  Whether she consented, submitted, or resisted is wholly immaterial.

2.   SAME — Consent of Female.   Since, by statute, a female under the age of 16 years, or over the age of 16 and under the age of 18 years, and of previous chaste and virtuous character, is legally incapable of consenting to carnal knowledge of her person, she is incapable of consenting to an assault upon her with. intent to commit rape, and every act done in furtherance of a purpose and intent to know her carnally is unlawful and felonious; and, if such acts would constitute an assault if done without her consent, no act of hers can waive the assault.

3.   SAME — Criminal Prosecution — Instructions.   In a prosecution for assault with intent to commit rape upon a female child under the statutory age of consent, instructions were properly refused which in effect required that, in order to convict, the jury should be satisfied that the defendant assaulted the female with the felonious intent to have sexual intercourse with her by force or violence, sufficient to overcome any resistance she might make. The doctrine on this question declared in Young v. Territory, 8 Okla. 525, 58 Pac. 724, and Rector v. Territory, 9 Okla. 530, 60 Pac. 275, is expressly overruled.

4.   APPEAL—Review—Discretion of Trial Court.   Applications for continuance are addressed to the discretion of the trial court. This court will not reverse a judgment of the trial court upon its action in a matter of discretion, unless there appears a clear abuse of such discretion.

5.   SAME—Examination of Witnesses.   It being within the discretion of the trial court to permit leading questions, where the diffidence of the witness is occasioned by sex and tender years, the discretion of the court therein will not be disturbed, in the absence of abuse.

6.   SAME—Harmless Error—Instructions.   In a prosecution for assault with intent to rape, an instruction that rape is divided into two degrees, first and second, and each is made punishable by imprisonment in the state prison, is not prejudicial to the defendant.

(Syllabus by the Court.)

*Appeal from District Court, Pontotoc County;*
*Robert M. Rainey, Judge.*

O. H. Lee was convicted of felonious assault, and appeals. Affirmed.

The plaintiff in error, hereinafter designated the defendant, was tried upon an information which charged him with having made an assault with the intent to commit rape; that on August 29th he feloniously did wound, strike, and illtreat one Minnie Ethridge, with the unlawful and felonious intent, against the will of her, to carnally know, ravish, and have sexual intercourse with the said Minnie Ethridge; she being a female child under age of fifteen years, and of the age of twelve years, and not the wife of the defendant.

The record discloses the following facts: The defendant and his wife were visiting the parents of the prosecutrix, at their home near Fitzhugh, Sunday, August 21st. That prosecutrix at the time was twelve years old. That the defendant is an own cousin to prosecutrix's mother, and the defendant's wife an own cousin to prosecutrix's father. That just before the noon hour the prosecutrix and the defendant went after water to a well in a clump of trees about 200 yards from the house. The testimony tended to show that the defendant there assaulted the prosecutrix. Her father appearing upon the scene, the defendant jumped up and ran about twenty steps up against a wire fence. The father asked his daughter what it meant. That she appeared to be dazed, and he could not understand what she said. That he called the defendant and asked him what it meant, and he answered: "Nothing; I never hurt her." The father then said: "Lee, this means something; and as sure as I find there is anything wrong, I will kill you." That they returned to the house, and after dinner the defendant and his family left and went to their home, about two miles from the Ethridge place. The father of the prosecutrix borrowed a loaded pistol from a neighbor and followed the defendant home, and there told him that if he did not leave the country he would kill him. That the defendant promised to leave before the following Saturday.

On behalf of the defendant, his wife testified that the prosecutrix told her the next day that her husband did not try to assault her, and that her father forced her to say that he did. The defendant, in his own behalf, testified that after drawing the water from the well he stepped out to get a toothbrush. That he never even touched prosecutrix. That while he was reaching for his knife her father appeared, and commenced cursing him and calling prosecutrix vile names, and accused them of wrongdoing. That defendant explained to him what he was doing, and denied any wrongdoing, and Mr. Ethridge then apologized for saying what he did. That they then returned to the house for dinner. That before his marriage he had lived with the Ethridge family for several years.

The defendant was found guilty by the verdict of a jury, and his punishment fixed at a fine of $300. October 9, 1909, judgment was rendered accordingly. From the judgment, and an order overruling a motion for a new trial, the defendant appeals.

*Duke Stone* and *Leslie Maxey*, for plaintiff in error.

*Chas. West*, Atty. Gen., and *Smith C. Matson*, Asst. Atty. Gen., for the State.

DOYLE, J. (after stating the facts as above). The questions raised by the errors assigned will be considered in the order of their presentation in the brief of counsel for the defendant.

When the case was called for trial October 5, 1909, the defendant filed an application for a continuance, which, omitting the formal part, is as follows:

"Comes now the defendant and moves the court to continue this cause to another term, or until he can get the following witnesses present, who have been regularly subpoenaed in the cause, as shown by the attached subpoenas, showing that said witnesses have been served. That none of said witnesses are absent by reason of the fault, procurement, or consent of the defendant. That if said witnesses were present they would testify as herewith set out, and that all of their testimony is very material to defendant's defense: (1) That by said Maggie Ethridge, the defendant expects to prove that she is a sister-in-law to prose-

cutrix, Minnie Ethridge. That said witness had a conversation with prosecutrix soon after the alleged crime, and that said prosecutrix, Minnie Ethridge, told witnesses that her father made her tell a lie about the drawers being torn, and that her father made her lie about the alleged assault of the defendant. That no assault was made on prosecutrix by defendant. That the said witness saw the drawers of the prosecutrix just after the alleged assault, and that the same showed no signs of being torn or in any way mutilated. That said prosecutrix, as defendant is informed and verily believes, would testify that defendant assaulted her, as alleged, and that by same her drawers were torn, and this defendant is reliably informed by reliable information that said witness, Maggie Ethridge, would testify as aforesaid, contradicting said evidence of prosecutrix. That said testimony is material, and the defendant had used due diligence to obtain said evidence, as shown by the subpoenas attached. (2) That by said Will Allen, who is the constable at Fitzhugh, defendant expects to prove that he talked with the said S. Y. Ethridge, the father of the prosecutrix, and in regard to the alleged assault, and that said S. Y. Ethridge, claimed to be an eyewitness to the assault, and that said Ethridge made several different conflicting statements about how said assault occurred; the exact statements the said defendant is unable to set out at this time. (3) That by said Andy Jones and Jim Jones defendant expects to prove that they have known the defendant for a number of years, and now know and have known defendant's reputation during all this time in the community where he lives, and where the alleged crime took place, and that they are acquainted with his reputation in that community for virtue and chastity, and that it is good, and has always been good. That defendant believes said testimony to be true, and alleges same to be true. Wherefore, defendant prays that this cause be continued."

The action of the trial court in overruling the application for continuance is assigned as error. It appears that the application was based on the absence of witnesses who had been subpoenaed, but were not in attendance, and that an attachment, which, so far as the record shows, was not asked, would have been sufficient to secure their attendance, had it been asked The defendant was entitled to have attachments issue to compel the attendance of these witnesses, and to have the trial postponed until the attachments were executed. He did not ask for attachments; and no reason is given for the nonattendance of any of

these witnesses. If attachments had issued and proved unavail-ing on account of sickness, absence, or other sufficient reason, then a different question would be presented. The application is defective in failing to show where these witnesses reside, or any probability of procuring their attendance at some future time; and the court could not determine from the application that there was any more probability of their obeying a subpoena at the next term of court than at the present term. Applications for continuance are always addressed to the sound discretion of the trial court; and no rule is more firmly established in this state than that this court will not reverse a judgment of the trial court, upon the ground that it refused to grant a continuance, unless it appears that such court has manifestly abused its discretion in refusing it.

The next error assigned is that the court erred in the admission and rejection of evidence. Counsel in their brief state:

"Under this assignment, we desire to call the court's attention to the leading character of the questions of the county attorney in examining the prosecuting witness, as follows: Q. State to the jury what happened. A. I left him at the well, and I went about ten steps from the well and was picking up haws; and when the last bucket of water was poured I supposed he would say, 'Come on.' Q. Then what happened? A. He jerked me up and threw me down on the ground. Q. Then what? A. Had his arm around my neck and my head under his arm; and when he picked me up I thought he was playing. Q. Go ahead and tell what happened. (Objected to as leading the witness.) Judge: Just tell it. A. Jerked me up and threw me on the ground; and when he did that I knew what he meant then, and commenced fighting and scratching. Q. What did he do? A. Ripped my drawers open. Q. Whereabouts? A. On the side. Q. Then what? Go ahead. After he ripped your drawers, then what? A. He was fixing to. Q. Go ahead. A. He was fixing to put; then papa walked up. Q. What was the condition of his pants? What did he do with his pants, and what condition were they in? A. He did not do anything, just fixing to. Q. Tell the jury just what he did. State whether or not he unbuttoned his pants. (Objected to as leading. Objection overruled. Defendant excepts.) A. Yes, sir; unbuttoned his pants. Q. What else did he do? A. He did not do anything, just fixing to, when papa walked up. Q. Did he take out his privates? A. Yes, sir. (Objected to as

leading and suggestive. Objection overruled. Defendant excepts.)"

Permitting leading questions, where the diffidence of the witness is occasioned by sex and tender years, is within the discretion of the trial court; being a discretionary matter, it falls within the familiar rule that the discretion of the trial court in respect thereto is not subject to review, except for a manifest abuse thereof. The other objections made to the rulings of the court on the admission and exclusion of evidence are without merit.

The next assignment of error is based upon the instructions given by the court. Instruction No. 5 is as follows:

"You are further instructed that rape is divided into two degrees, first and second, and that each degree is made punishable by imprisonment in the state prison."

This instruction must be considered in connection with instructions Nos. 3 and 4, defining what constitutes a felony and what constitutes rape. The provision of the Penal Code (section 2319, Comp. Laws 1909), defining the offense for which the defendant was on trial, provides:

"Every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not prescribed by the preceding section, is punishable by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

The statute does not say, "Every person who is guilty of an assault with intent to commit rape shall be punished," etc., but uses the word "felony," thereby including other felonious assaults; and it was the duty of the court to inform the jury that rape, in any degree, is a felony. While the instruction could have been simplified by saying, "You are instructed that the crime of rape is a felony under our statutes," we think the defendant was in no way prejudiced in any substantial right by this or any other instruction given by the court.

The important question presented for decision is upon the next assignment of error, that the court erred in refusing to give the following requested instructions:

"I charge you in this case, if you believe from the evidence that at the time alleged the prosecutrix voluntarily consented to an act of intercourse, or attempted intercourse, between her and the defendant, and that said act was not against her will, and no force was used, then you will acquit the defendant. Refused. Robt. M. Rainey, Judge."

"I charge you in this case that in the charge of rape a partial or half-hearted resistance on the part of the prosecutrix would not suffice; that, before the crime of assault to rape can be shown, the proof must show that the female resisted to the full extent of her powers, under the circumstances, and that her resistance was overcome by force. Refused. Robt. M. Rainey, Judge."

In support of this assignment, counsel cite the cases of *Young v. Territory*, 8 Okla. 525, 58 Pac. 724, and *Rector v. Territory*, 9 Okla. 530, 60 Pac. 275. In the Young case, Mr. Chief Justice Burford, who wrote the opinion of the court therein, says:

"The material averments of the indictment are as follows: 'John Young, on the 19th day of June, in the year 1897, in the said county of Woods, did willfully, violently, unlawfully, and feloniously, in and upon one Ethel Gray, make an assault, and her, the said Ethel Gray, being then and there a female under the age of fourteen years, and of the age of twelve years, and her, the said Ethel Gray, did wound and illtreat, with intention her, the said Ethel Gray, and against her will, feloniously to ravish and carnally know. * * *' There is no allegation that the defendant intended to have sexual intercourse with the said Ethel Gray by force and violence, sufficient to overcome any resistance she might make. This is necessary, in order to constitute rape under this subdivision. There must have been an intent, at the time of the assault, to have sexual intercourse with Ethel Gray; and the defendant must have itnended to use the amount of force necessary to overcome her resistance, and all the resistance she might make. If she did not resist, it would not be rape; hence it must be alleged that defendant assaulted the female with intent, then and there, to have sexual intercourse with the said Ethel Gray, and by force or violence to overcome her resistance, and this intent and purpose must be proved."

The Rector case reaffirms this doctrine.

There is no testimony in this case from which it can be fairly inferred that the prosecutrix consented to an act of sexual intercourse. She herself expressly denied it. There is testimony tending to show that she submitted, without objection, to the acts constituting the alleged assault. However, as the jury had the right and might have drawn a different conclusion from the evidence, we think it our duty to consider the principle of law enunciated in the decisions cited. The question, then, presented for decision is whether the consent of the prosecutrix does or does not deprive the acts of the defendant of the character of an assault. The decisions of the territorial Supreme Court, construing the provisions of our Penal Code and Procedure Criminal, enacted while we were under territorial government, are most valuable to us as authorities, and we pay them the highest respect. However, upon careful consideration, our opinion is that the doctrine declared in the case of *Young v. Territory, supra,* on this question should not be followed, but should be expressly overruled as not sound in principle and contrary to the overwhelming weight of authority. Upon the question whether an accusation for assault with intent to commit rape by force, where the female is over the age of consent, should contain an averment that the defendant assaulted the female by force and violence, sufficient to overcome any resistance she might make, the authorities are not harmonious. That question is not before us. Carnal knowledge of a female child under sixteen years of age is rape under our statute, with or without the use of force, no matter what may be the circumstances, and the question of consent is wholly immaterial; whether the prosecutrix submitted to the acts of the defendant in ignorance of his criminal intent, or whether she exercised a positive will, and consented or submitted to what the defendant did with full knowledge that his purpose and intent was to have carnal connection with her, is immaterial.

The prosecutrix being under the age of consent was conclusively incapable of legally consenting to an assault with intent

to have carnal knowledge of her. Every attempt to commit a felony against the person involves an assault; and if the acts of the defendant, done in furtherance of a purpose to have carnal knowledge of the prosecutrix, constituted an assault to commit rape, if done without her consent, then no act of hers could waive such assault.

That there may be an assault with intent to commit rape upon a consenting female, where she is under the age of consent, on the ground that in law she cannot consent to such an assault, is held in the following cases: *People v. Johnson,* 131 Cal. 511, 63 Pac. 842; *Gibbs v. People,* 36 Colo. 452, 85 Pac. 425; *Territory v. Keyes,* 5 Dak. 244, 38 N. W. 440; *Schang v. State,* 43 Fla. 561, 31 South. 346; *Hanes v. State,* 155 Ind. 112, 57 N. E. 704; *State v. Johnson,* 133 Iowa, 38, 110 N. W. 170; *Com. v. Roosnell,* 143 Mass. 32, 8 N. E. 747; *People v. Chamblin,* 149 Mich. 653, 113 N. W. 27; *State v. Wray,* 109 Mo. 594, 19 S. W. 86; *Liebscher v. State,* 69 Neb. 395, 95 N. W. 870, 5 Ann. Cas. 351; *State v. Jackson,* 65 N. J. Law, 105, 46 Atl. 764; *Singer v. People,* 75 N. Y. 608; *State v. Dancy,* 83 N. C. 608; *State v. Sargent,* 32 Ore. 110, 49 Pac. 889; *Croomes v. State,* 40 Tex. Cr. R. 672, 51 S. W. 924, 53 S. W. 882; *State v. Clark,* 77 Vt. 10, 58 Atl. 796; *Glover v. Commonwealth,* 86 Va. 382, 10 S. E. 420; *State v. Hunter,* 18 Wash. 670, 52 Pac. 247; *Loose v. State,* 120 Wis. 115, 97 N. W. 526; *Ross v. State,* 16 Wyo. 285, 93 Pac. 299, 94 Pac. 217; Cyc. vol. 33, p. 1434, footnote 51. See, also, volume 2, Am. Ency. L. (2d Ed.) p. 987, and page 361, vol. 1, of Supp., and cases cited in the footnotes.

The instructions requested and refused are based upon the theory that the felonious intent cannot be shown without proof of resistance on the part of the prosecutrix, or that the force used by the defendant was against her will, and in effect require that, in order to convict, the jury should be satisfied that the defendant assaulted prosecutrix with the felonious intent to have sexual intercourse with her by force or violence, sufficient to overcome any resistance she might make. As we have seen, this is not the law with reference to an assault committed with in-

tent to rape a female child under the statutory age of consent. The court very properly refused to give these instructions.

Having considered all the assignments argued, and finding no prejudicial error in the record, the judgment of the district court of Pontotoc county is affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.