# B. L. THOMPSON v. STATE.

No. A-3211—Opinion Filed Feb. 21, 1920.

(187 Pac. 819.)

(Syllabus.)

1.  **RAPE—Information—Sex of Victim—Sufficiency of Allegation.** In a prosecution for the crime of rape or assault with intent to commit rape, where the description of the name of the person assaulted is one usually applied to females, an additional allegation that such person is a female is unnecessary.

2.  **SAME.** In such prosecution, an indictment or information charging the offense will be held to be sufficient without the use of the term "female," if by other words contained therein the sex of the person alleged to have been assaulted clearly appears.

3.  **SAME.** One of the essential elements of an indictment or information charging the crime of rape or of assault with intent to commit rape is an allegation that the person alleged to have been raped or assaulted is a female, or else other allegations which reasonably show that such person is a female. An indictment or information which attempts to charge either of said crimes must allege facts sufficient to show that the alleged crime was committed against a female person.

4.  **SAME.** For information **held** insufficient to charge the crime of assault with intent to rape, and the reasons for such holding. see body of opinion.

*Appeal from District Court, Garfield County;*
*J. C. Robberts, Judge.*

B. L. Thompson was prosecuted for assault with intent to rape, his demurrer to the information was overruled, and from a conviction and overruling of his motion in arrest of judgment he appeals. Reversed and cause remanded, with instructions to sustain the demurrer and for further proceedings.

*Frederick L. Brimi,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.   The defendant, B. L. Thompson, was convicted in the district court of Garfield county of the crime of assault with intent to rape, and his punishment fixed by the jury at imprisonment in the penitentiary for a period of two years.   Judgment of conviction was pronounced for said offense in conformity with the verdict returned, and the defendant has appealed from this judgment to this court, and presents several alleged errors as grounds for reversal, among which are the following: (1) That the trial court erred in overruling the demurrer to the information; (2) That the trial court erred in overruling the motion in arrest of judgment.

These assignments of error may properly be considered together.   It is contended that the information, construed most liberally in favor of the pleader, at most only charges the offense of simple assault, and said offense, being a misdemeanor, is not such as the district court would have jurisdiction to try.   However, if the information is sufficient to charge the crime of assault with intent to commit rape, a verdict of guilty could properly have been returned in said court for any lesser and included offense.

In this case the verdict was one of guilty of assault with intent to commit rape, and the judgment of conviction was pronounced for said offense.   If, therefore, the information, having been properly demurred to, was insufficient to charge said offense, the trial court erred in overruling the demurrer and in pronouncing judgment of guilty for said crime against this defendant.

The charging part of the information is as follows:

"That on or about the 17th day of February, A. D. 1917, in said county of Garfield and state of Oklahoma, one B. L. Thompson did then and there unlawfully, wilfully, and feloniously make an attempt to rape one Francis Butler, by then and there making an assault upon the body of said Francis Butler, with the intent then and there to have sexual intercourse with the said Francis Butler, said Francis Butler being then and there of the age of seven years and not the wife of the said defendant, B. L. Thompson, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Oklahoma."

The prosecution is based on section 2338, Revised Laws 1910, which reads as follows:

"Any person who is guilty of any assault to commit any felony, except an assault with intent to kill, the punishment for which assault is not otherwise prescribed in this Code, is punishable by imprisonment in the state penitentiary not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Rape is defined by section 2414, Revised Laws 1910, under the first subdivision thereof, which is applicable to this case, to be:

"An act of sexual intercourse accomplished with a female, not the wife of the perpetrator, where the female is under the age of sixteen years."

It is contended by counsel for the defendant that the information nowhere alleges that the person assaulted by the defendant was a female. The Attorney General, on the other hand, while admitting an absence in the allegation in the information that the person assaulted was a female, contends that because the pleader used the lan-

guage, "with the intent then and there to have sexual intercourse with the said Francis Butler," and the additional allegation that "Francis Butler was not the wife of the defendant," this sufficiently informs the defendant of the sex of the person upon whom the alleged assault was committed.

Where the name of the person alleged to have been assaulted is one usually applied to females, the rule is well-established that the additional allegation that such person is a female is unnecessary. *State v. Hussey*, 7 Iowa, 409; *State v. Warner*, 74 Mo. 83; *State v. Farmer*, 26 N. C. 224.

It may also be said to be a well-established rule that an indictment for rape or assault with intent to commit rape is sufficient without the use of the term "female," if by other words it shows the sex of the person assaulted. *Joice v. State*, 53 Ga. 50; *Battle v. State*, 4 Tex. App. 595, 30 Am. Rep. 169; *Carter v. State*, 78 Tex. Cr. R. 240, 181 S. W. 473.

In all cases where the information charging rape or assault to rape has been held to be sufficient without the use of the term "female," the allegations of the information have described the assaulted party by names such as are generally borne by women, or else the pronoun "her," or some similar allegation, has been used, which clearly indicates that the person alleged to have been assaulted was a female. In none of the adjudicated cases has this court discovered an indictment or information wherein the name of the assaulted party is that used to designate either a male or female person, with no other allegation as to sex except that the person alleged to have been assaulted "was not the wife of the defendant."

The word "Francis" is spelled in this information in its masculine form. To allege that "Francis Butler" was not the wife of the defendant is not equivalent to an allegation that "Francis Butler" was a female person; yet there is no other allegation contained in the information which even hints at the sex of "Francis Butler."

The statutes of this state require the information to be direct and certain as to the offense charged and as to the particular circumstances thereof. Section 5739, Revised Laws 1910.

It is true that descriptive averments in an indictment or information only become material when they involve the merits of the case. *Ostendorf v. State,* 8 Okla. Cr. 361, 128 Pac. 143.

One of the essential elements of the crime of rape is an allegation that the person alleged to have been raped is a female, or else other allegations which reasonably show that such person is a female. An indictment or information which attempts to charge the crime either of rape or assault with intent to rape must allege facts sufficient to show that the alleged crime was committed against a female person.

The information in this case is wholly deficient in this respect. It fails to allege that "Francis Butler" was a female child and the spelling of the word "Francis" with an "i" instead of an "e" could not, under the most violent presumption, be intended as the designation of a female person in the absence of the use of the pronoun "her," or some similar expression to denote the feminine gender.

It is essential, where the charge is that of assault with intent to rape, that the indictment or information affirm-

atively disclose by proper allegations that the subject of the alleged assault was a person upon whom the crime of rape could be committed.

It is the opinion of the court, therefore, that the information in this case is insufficient to charge the offense of assault with intent to rape a female, and that the trial court should have sustained the demurrer to the information and directed one to be filed charging the crime to have been against a female, and also should have required the allegations with respect to the manner of the assault to have been more specifically set out in the information.

For the reasons stated, the judgment of conviction is reversed and the cause remanded, with instructions to sustain the demurrer to the information, and for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and ARMSTRONG, J., concur.