## PETER HAUN v. STATE.

No. A-3810.    Opinion Filed Jan. 27, 1923.

(211 Pac. 1060.)

(Syllabus.)

1. **Rape—Physical Acts Constituting Assault with Intent to Rape to be Pleaded in Information.**—The physical acts done constituting the offense of an assault with intent to rape a female under the age of consent should be pleaded in an information charging that offense, in order that the court may determine whether the facts pleaded in law constitute the offense, and in order that the defendant may be sufficiently apprised of the issues he is called upon to meet.

2. **Indictment and Information—Mere Allegation that Accused Assaulted Female with Intent to Have Sexual Intercourse, Insufficient as Conclusion.**—A mere allegation that the accused assaulted a female under the age of consent with intent to have sexual intercourse with her states a conclusion and is insufficient.

Appeal from District Court, Alfalfa County; J. C. Robberts, Judge.

Peter Haun was convicted of assault with intent to rape, and he appeals. Reversed.

Dan Huett, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Peter Haun, plaintiff in error, herein referred to as the defendant, was by information filed in the district court of Alfalfa county, February 28, 1920, charged with having made an assault with intent to rape upon the person of Isel Kesterson, a female under the age of 16 years, on the 15th day of December, 1919. At the trial, on March 13, 1920, by a verdict of the jury, defendant was found guilty as charged, without fixing the punishment. Thereafter, on March 23, 1920, judgment was rendered fixing his punishment at confinement in the state penitentiary for a term of two years. From this judgment he appeals.

Among the several assignments of error it is urged: That the court erred in overruling the demurrer to the information. The charging part of the information is as follows:

"That the said Peter Haun in the county and state aforesaid, on or about the 15th day of December, 1919, did knowingly, willfully, unlawfully, wrongfully, and feloniously make an assault in and upon one Isel Kesterson, a female person under the age of 16 years, to wit, of the age of 9 years, with the unlawful, wrongful, and felonious intent then and there on the part of him, the said Peter Haun, to unlawfully, wrongfully, and feloniously have sexual intercourse and carnal knowledge of the body of her, the said Isel Kesterson, who was then and there not the wife of him, the said Peter Haun, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

It is contended that the information is fatally defective, in that it does not specifically state the manner in which, and the means by which, the alleged assault was made; that the pleading, at most, states a mere conclusion and is not a state-

ment of fact sufficient to put the defendant upon trial; that no specific overt act constituting an assault was pleaded.

1 Bouv. Law Dict. (3d Revision) 253, defines assault as follows:

"An unlawful offer or attempt with force or violence to do a corporeal hurt to another. Force unlawfully directed or applied to the person of another under such circumstances as to cause a well-founded apprehension of immediate peril."

A female of the age of 9 years, under our statutes, is incapable of consenting to an assault of the character here charged. Lee v. State, 7 Okla. Cr. 141, 122 Pac. 1111. Here the assault is alleged to have been committed upon or towards a female incapable of giving her consent, hence the element of force is eliminated.

In the case of Thompson v. State, 17 Okla. Cr. 215, 187 Pac. 819, the averments of the information were as follows:

"That on or about the 17th day of February, A. D. 1917, in said county of Garfield and state of Oklahoma, one B. L. Thompson did then and there unlawfully, willfully and, feloniously make an attempt to rape one Frances Butler, by then and there making an assault upon the body of the said Frances Butler, with the intent then and there to have sexual intercourse with the said Frances Butler, said Frances Butler being then and there of the age of seven years and not the wife of the said defendant, B. L. Thompson, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

So far as the objection here urged is concerned, it will be seen that the formal charges in this and the Thompson Case are practically the same. In the Thompson Case this court concluded, as shown by the opinion written by Associate Judge Matson, as follows:

"It is the opinion of the court, therefore, that the information in this case is insufficient to charge the offense of assault with intent to rape a female, and that the trial court should have sustained a demurrer to the information and directed one to be filed charging the crime to have been against a female, and also should have required the allegations with respect to the manner of the assault to have been more specifically set out in the information."

The reasons for a similar conclusion were well stated in the case of State v. Russell, 64 Kan. 798, 68 Pac. 615, in an opinion written by Mr. Justice Pollock. In the Russell Case the averments of the information were:

"That on, to wit, the 10th day of May, A. D. 1901, in the county of Greenwood, in the state of Kansas, one Marion Russell, then there being, did then and there unlawfully, willfully, and feloniously in and upon one May Hodge, a female child under the age of 18 years, to wit, of the age of 16 years, make an assault on her with intent her, the said May Hodge, then and there feloniously and unlawfully and carnally to know and abuse her, the said May Hodge."

Quoting from Justice Pollock's opinion:

"Is the above information defective in failing to aver the act or acts done towards the commission of the offense of assault with intent to commit the crime of rape upon a female under the age of 18 years—this being the offense which the state contends is charged thereby? This question arises upon the peculiar condition of our statute law with regard to the offense of what is commonly known as 'statutory rape.' In the commission of this substantive offense, the element of force has no place. Carnal knowledge of a female under the age of consent, 18 years, in all cases is alike rape, whether force is employed or is not employed. Hence it is necessary in such case to allege and prove only the carnal knowledge and the age of the female, and the crime is established. That the above information would be sufficient to sustain a conviction of assault with intent to ravish by force if the age of consent fixed by the statute were 10, 12, or a less number of years than

that alleged in the information, may be and is conceded. But is it sufficient to withstand a motion to quash for want of sufficient averment of acts done towards the commission of the crime of assault with intent to ravish, where the pleader clearly shows, as in this case, by the form of the information that the state will rely for conviction, not upon acts of force done towards the female, which in the absence of the statute, might be shown under the allegation of assault, but upon the fact that by reason of her tender years she is powerless to condone the force by her consent? We think not. While it is true the offense of 'attempt to commit' the crime of rape upon a female under the age of 18 years and the crime of 'assault with intent' to commit the same offense are recognized by the adjudicated cases in this state as distinct offenses, yet the element of force in each being, by virtue of the statute, eliminated while the form of the charge remains distinct, the evidence to sustain either must, of necessity, become the same. And as a necessary consequence, if the information charging an 'attempt to ravish' a female under the age of consent must set forth the specific acts done towards its commission to render it sufficient, so must an information charging an 'assault with intent' to commit rape upon a female under 18 years. In the case of State v. Frazier, 53 Kan. 87, 36 Pac. 58, 42 Am. St. Rep. 274, this court held: 'A defendant charged with a substantive offense may be convicted under that charge of an attempt to commit the offense; but, where the prosecutor relies upon a specific charge of attempt, good pleading requires that he should set forth the acts done toward the commission of the offense. An averment that the defendant "unlawfully and feloniously did attempt to commit a rape by then and there attempting to carnally and unlawfully know the said Y." is defective in failing to set forth any physical act or acts done toward the commission of the offense, and is held to be insufficient as against a motion to quash.' In the opinion, Mr. Justice Johnston says: 'To constitute such an attempt something more than mere intention is necessary, and even more than solicitation. Under the statute relating to attempts, there must be, first, an intention to commit the crime; and, second, some direct overt act done toward its commission. In re Lloyd, 51 Kan. 501, 33

Pac. 307. The second is an essential element of the offense, and should be specifically set forth in the charge. The physical acts done toward the commission of the offense should be stated in the information or indictment, so that the court may see whether or not the law has been violated, and so the accused may know to what he must make answer.' We are of the opinion, upon like ground, and by a parity of reasoning, it must be held, where the prosecutor intends to charge the offense of assault with intent to commit rape upon a female under the age of consent, the element of force, being * * * eliminated and the technical word 'assault' deprived of its meaning, the specific acts done toward the accomplishment of the offense must and should be pleaded, that the court may be informed and determine the sufficiency of such acts to constitute the offense charged, and that the defendant may be apprised of the nature and character of the acts by him done, which it is charged constitute the offense he must be prepared to meet."

We hold, therefore, that the allegations of the information in this case were insufficient. That being true, it will not be necessary to treat the other objections urged.

The judgment of the trial court is reversed.

MATSON, P. J., and DOYLE, J., concur.