WILLIAM CECIL HILL v. STATE.

No. A-6532. Opinion Filed April 6, 1929.
(276 Pac. 236.)

J. Q. A. Harrod, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Canadian county, on a charge of assault with intent to commit rape, and was sentenced to imprisonment for a period of one year. Motion for new trial was filed and overruled, and defendant duly excepted.

The charge against the defendant was attempt to commit rape upon the person of Frances Peck, 16 years of age. The testimony in substance shows that the defendant went to the home of her stepfather, in company with his brother; when they reached the house, and finally found Frances Peck, who had been hiding from them, the brother of the defendant drove away in the car and left the defendant at the house; that shortly after the brother drove away the defendant assaulted the prosecuting witness Frances Peck and tried to cohabit with her; that he bit her on the arm and struck her, and she tried to get away from him, and resisted him for some time; that the defendant made every effort he could to have sexual intercourse with the prosecuting witness, but in the scuffle he fell and hit himself in some way, and was unable to get up, and the prosecuting witness got away from him and went to town, where her parents were, and informed them what had happened. A number of witnesses testified to seeing the prosecutrix on her way to town, and one or two witnesses testified to seeing the brother of the defendant driving the car with one casing down, and seeing the tracks of this car at the home of the prosecutrix.

The testimony of the prosecutrix is not denied by the

defendant. The defendant called some witnesses, but their testimony only tended to show that the previous conduct and character of the prosecutrix was bad. The defendant attempted to show that the prosecutrix had been intimate with other men, or out with them under suspicious circumstances. The testimony shows that the statement of the prosecutrix as to defendant assaulting her is true. It is not deemed necessary to set out the testimony in detail, as there is practically no contradiction of the prosecutrix as to what took place at her home.

Several errors are assigned by the defendant, the first one being that the court erred in overruling the defendant's demurrer to the information, and in overruling his objection to the introduction of any testimony under the said information. The prosecutrix was of the age of 16 years. The defendant contends that the information is insufficient to sustain a conviction of assault with intent to commit rape, for the reason that it fails to allege the intent to feloniously have sexual intercourse with the prosecutrix. With this contention we cannot agree. Upon a careful reading of the information, we find it charges that the defendant attempted to rape, ravish, and carnally know the prosecutrix, against her will and without her consent. This language is sufficient to put the defendant on trial on a charge of assault with intent to commit rape, and the court did not err in overruling the demurrer of the defendant.

It is next urged by the defendant that the verdict of the jury is contrary to the law and evidence, and is not supported by sufficient evidence. This contention is without merit, as the evidence is amply sufficient to sustain the verdict.

There are other errors assigned by the defendant, but upon an examination of the record we do not think they are of sufficient merit to justify a reversal of this case.

Finding no prejudicial errors in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.