## WILLIAM ABRAMS v. STATE.

No. A.-7367.   Opinion Filed Nov. 19, 1930.
Rehearing Denied Jan. 3, 1931.
(293 Pac. 1116.)

Stevens & Cline, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of rape, and his punishment fixed by the jury at imprisonment in the state penitentiary for six years.

The evidence of the state was that the defendant was a taxi driver in the city of Lawton, 29 years of age, and

had been married; that the prosecuting witness, Anna Lee Coosewoon, was an Indian girl under 16 years of age, and attended the Ft. Sill Indian School; that on the night of the crime the prosecuting witness and three other Indian girls ran away from the school about 9 o'clock at night and went into the city of Lawton, and later hired the defendant to take them out to Ft. Sill or some switch near there; that the defendant took the girls out in that general direction, but stopped on a secluded place on a highway and attempted to caress one of the girls; that they all jumped out of the car and started to run; that the prosecuting witness fell down and the defendant overtook her, took her back toward the car, threw her on the ground, and there had intercourse with her; that the other girls ran to a house close by and gave the alarm, and a man named Belt came back and helped them rescue the prosecuting witness; that, when they returned to the place where the car had been stopped, they discovered the defendant on top of the prosecuting witness on the ground; that the prosecuting witness was weak and nervous, and they took her to Belt's house and later to the Indian Hospital near Lawton, where Dr. Langheim examined her and testified that she had been ravished; that an examination of the prosecuting witness revealed that she was scratched up considerably, and her hair and clothing were full of weeds and cockleburs. Defendant denied that he had made any assault on the prosecuting witness.

The defendant contends that this evidence is wholly insufficient to support the verdict of the jury. The summary of the state's evidence set out above is a sufficient answer to this contention.

Defendant next contends that the court erred in permitting the county attorney to attempt to impeach the

state's witness, J. E. Belt, by the use of the transcript of the evidence taken at the preliminary examination.

This witness in the trial of the case had testified that he could not tell whether the defendant was on top of the prosecuting witness or not. The defendant in cross-examination had materially weakened the evidence he had given in chief, and defendant had questioned him concerning his evidence in the preliminary examination. Thereupon, on redirect examination, the court permitted the state to ask the witness if certain questions had not been asked him and if he had not answered them in a manner different to his answers being given at that time.

The defendant contends that the state could not be permitted to impeach its own witness. It is apparent from the record that the state was not trying to impeach its witness, but trying to have the witness clarify his testimony and get before the jury what he actually saw at the time he came upon the parties lying on the ground.

The scope and method of the examination of a witness is a matter addressed to the sound discretion of the trial court, and a judgment of conviction will not be disturbed because of improper examination of witnesses, unless it clearly appears that the trial court, in the exercise of such, manifestly abused the same. Lee v. State, 7 Okla. Cr. 141, 122 Pac. 1111; Barrow v. State, 17 Okla. Cr. 340, 188 Pac. 351, 9 A. L. R. 207; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Austin v. State, 28 Okla. Cr. 73, 228 Pac. 1113.

There is nothing in the record in this case to indicate that the court abused its discretion in permitting the county attorney to propound the question objected to on redirect examination of this witness.

Defendant next contends that the trial court erred in refusing to give the following instruction requested by defendant:

"You are advised that if the state had knowledge that there were other witnesses having knowledge pertaining to the offense charged in the information, which was in its power to call, the presumption of law is that such testimony would be unfavorable to the party so failing to call such witness."

In the case of Pollock v. State, 26 Okla. Cr. 196, 223 Pac. 210, this court said:

"Since defendant may testify in his own behalf and compel attendance of witnesses by compulsory process, and is entitled to the aid of counsel, at public expense if necessary, refusal to require the county attorney to call an eyewitness whose name is indorsed on the information is not error."

Certainly, if it is not incumbent upon the part of the state to call and introduce every eyewitness to a tragedy, there can be no presumption of law against the state by failure so to do. The most the failure upon the part of the state to call the witness could do would be to raise a presumption of fact, which the defendant would have a right to argue to the jury. It was not error, therefore, for the trial court to refuse to give the requested instruction.

The defendant complains of other errors, but they are all without merit.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.