## ALBERT SMITH v. STATE.

No. A-10087. Dec. 30, 1942.

(132 P. 2d 655.)

Emmons Arrington, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Albert Smith, was charged by information in the district court of Pottawatomie county with the crime of assault with intent to commit rape, was tried, convicted of the crime of assault and battery and sentenced to serve 30 days in the county jail.

In the appeal lodged herein the defendant contends that the evidence is insufficient to support the verdict; secondly, that the court erred in overruling objections of defendant's counsel to prejudicial and improper questions asked by the county attorney concerning defendant's family; and third, that the court erred in overruling the demurrer to the informatioin and motion to dismiss the case for the reason that the information wholly failed to allege sufficient facts to constitute the crime of assault with intent to commit rape.

The information filed against the defendant, omitting formal parts, is as follows:

"* * * Albert Smith then and there being did then and there unlawfully, knowingly, wilfully, feloniously, intentionally and wrongfully make an assault in and upon one, Peggy Bull, a female person under the age of sixteen years, to-wit: of the age of nine years, with the unlawful, wrongful and felonious intent then and there upon the part of him, the said Albert Smith, unlawfully to have sexual intercourse with her the said Peggy Bull, the said Peggy Bull not then and there being the wife of him the said Albert Smith, contrary to the statute in such case made and provided, and against the peace and dignity of the state."

The demurrer of the defendant to the information should have been sustained. In the case of Haun v. State, 22 Okla. Cr. 440, 211 P. 1060, this court discussed the identical question now raised by defendant. In that case the averments of the information were as follows:

" 'That the said Peter Haun in the county and state aforesaid, on or about the 15th day of December, 1919, did knowingly, willfully, unlawfully, wrongfully, and feloniously make an assault in and upon one Isel Kesterson, a female person under the age of 16 years, to wit, of the age of 9 years, with the unlawful, wrongful, and felonious intent then and there on the part of him, the said Peter Haun, to unlawfully, wrongfully, and feloniously have sexual intercourse and carnal knowledge of the body of her, the said Isel Kesterson, who was then and there not the wife of him, the said Peter Haun, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Oklahoma.' "

In the opinion of the court by Judge Bessey various decisions from courts of other jurisdictions were cited and discussed. The law of the case, as established by that opinion, is stated in the syllabus as follows:

"The physical acts done constituting the offense of an assault with intent to rape a female under the age of consent should be pleaded in an information charging that offense, in order that the court may determine whether the facts pleaded in law constitute the offense, and in order that the defendant may be sufficiently apprised of the issues he is called upon to meet.

"A mere allegation that the accused assaulted a female under the age of consent with intent to have sexual intercourse with her states a conclusion and is insufficient."

In the case of Thompson v. State, 17 Okla. Cr. 215, 187 P. 819, this court held that an information similar in form to the one now under discussion was insufficient and that a new information should be filed setting forth "allegations with respect to the manner of the assault."

The reasons for this rule can never be better illustrated than as shown by the record in the instant case. The assault was alleged to have been made upon a young

girl nine years of age. Her testimony, with all of the inferences and deductions that could be attributable to it, could go no further than establish a weak case of assault and battery. She testified in substance that she had been hired to go over to defendant's home and stay with his little girl while the defendant and his boys were working in the field. That just before the defendant went to the field to work he lifted his little girl up and made her touch the top of the ceiling. That he then lifted prosecutrix up and put her down and then lifted her up again and stated, " 'I will give you a dime if you will give me some,' and I said no, and he said, 'You don't care much about the boys, do you?' and I said no." That defendant then went to the field to work.

The evidence shows that the defendant and his sons and small girl, together with the prosecuting witness, had lunch together and that she stayed there and played with defendant's little girl and two small boys until a neighbor came over after her to take her back home that afternoon. The defendant's wife had died a few days previous and left him with several small children, including a girl about three years of age. On the morning the assault is alleged to have occurred, the defendant, accompanied by his little girl, drove over to the home of the prosecuting witness to hire her older sister to come and stay with his small girl while he and the boys were working. The older sister of the prosecutrix was gone and at the suggestion of the mother the defendant took the nine-year-old girl back home with him to take care of his small daughter while he was working in the field that day.

The testimony of the prosecutrix was disputed by the testimony of defendant and two of his boys, who claim they were present with their father all of the time while

he was in the presence of the prosecutrix and that nothing occurred such as was described by her.

The record shows that the defendant was a good farmer who had lived in the community for many years and had never been arrested before in his life.

The trial court, after hearing the evidence, very properly refused to submit the issue of assault with intent to commit rape which was charged in the information to the jury, but did submit the issue of assault and battery. If the trial court had sustained the demurrer to the information at the time it was filed and required the county attorney to allege the specific acts constituting the assault, the trial court could have determined at that time that the acts relied upon by the county attorney, if true, constituted nothing more than assault and battery which was a misdemeanor triable in the justice of the peace court. It should be borne in mind that this view applies solely to cases where the female alleged to have been assaulted was under the age of consent, and therefore, by reason of her age, unable to give consent. As was stated in Haun v. State, supra:

" 'We are of the opinion, upon like ground, and by a parity of reasoning, it must be held, where the prosecutor intends to charge the offense of assault with intent to commit rape upon a female under the age of consent, the element of force, being * * * eliminated and the technical word "assault" deprived of its meaning, the specific acts done toward the accomplishment of the offense must and should be pleaded, that the court may be informed and determine the sufficiency of such acts to constitute the offense charged, and that the defendant may be apprised of the nature and character of the acts by him done, which it is charged constitute the offense he must be prepared to meet.' "

With this view of the case it is unnecessary to discuss the other propositions urged by counsel for defendant.

The judgment of the district court of Pottawatomie county is reversed and remanded to the trial court with instructions to sustain the demurrer to the information

BAREFOOT, P. J., and DOYLE, J., concur.