**Thomas Leroy JOHNSTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–66.**

Court of Criminal Appeals of Oklahoma.

May 11, 1984.

Harry A. Woods, Jr., Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Thomas Leroy Johnston was convicted of Assault with Intent to Rape, After Former Conviction of a Felony, and was sentenced to seven (7) years in prison. We reverse, concluding that the demurrer to the information should have been sustained.

The charging part of the information alleged that the appellant

wilfully and knowingly assaulted Carolyn R. Williams, a female not his wife, by chocking (sic), threatening her and ripping off her blouse with the intent to have sexual intercourse with her, ...

The State's theory at trial was that the appellant assaulted the victim with the intent to rape as defined by 21 O.S.1981, § 1111(3) (amended in material respects by Laws 1983, c. 41, § 4):

Rape is an act of sexual intercourse accomplished with a male or female, not the spouse of the perpetrator, under any of the following circumstances: 3. Where the victim resists, but the resistance is overcome by force and violence;

See O.R. 103, Instruction No. 6. The State was thus obligated to

[n]ot only show an assault, but that the defendant assaulted the prosecutrix with the intention of gratifying his passion on her person at all events, notwithstanding any resistance she might make.

*Cape v. State,* 61 Okl.Cr. 173, 66 P.2d 959, 963 (1937) (citations omitted). See also *T.R.M. v. State,* 596 P.2d 902 (Okl.Cr.App. 1979); and *Colbert v. State,* 567 P.2d 996 (Okl.Cr.App.1977).

The courts of this jurisdiction originally took a very strict view, requiring that the indictment include an allegation that

the defendant assaulted the female with her felonious intent to have sexual intercourse by force or violence sufficient to overcome any resistance she might make.

*Young v. Territory,* 8 Okl. 525, 58 P. 724 (1899) (Syl. 4). See also *Rector v. Territory,* 9 Okl. 530, 60 P. 275 (1900). However, later cases rejected the idea that such an allegation was a *sine qua non* of a valid charge, rather adhering to the view that an information which so describes the offense that the defendant is enabled to prepare for trial and to defend himself against a subsequent prosecution for the same offense is sufficient. Various allegations have been held sufficient to convey the requisite intent. See, e.g., *McKinnon v. State,* 299 P.2d 535, 537 (Okl.Cr.App.1956) ("intent to attempt to rape, ravish, and carnally know the prosecutrix or have sexual intercourse with her") (attempted rape case); *Hamrick v. State,* 85 Okl.Cr. 50, 184 P.2d 807, 809 (1947) (" 'with the ... intent ... to forcibly and against her will ravish, rape and carnally know her' "); *Hill v. State,* 42 Okl.Cr. 323, 276 P. 236 (1929) ("attempted to rape, ravish, and carnally know the prosecutrix, against her will and

without her consent"); *Maples v. State,* 30 Okl.Cr. 151, 235 P. 264, 265 (1925) (" 'with the ... intent ... to have and accomplish an act of unlawful sexual intercourse with her, ... to rape, ravish, and carnally know her, ... by attempting to then and there overcome all resistance' "); and *Williams v. State,* 10 Okl.Cr. 336, 136 P. 599 (1913) (" 'with an intent ... to rape, ravish, and carnally know, and ... did ... attempt to ... rape, ravish, and carnally know' ").

The State has not cited, nor have we found, an Oklahoma case approving an allegation of a bare intent to have intercourse in a case such as this. Cases involving victims alleged to be under the age of consent must be distinguished, for the mere intent to have intercourse with such a person may be tantamount to an intent to rape. See Laws 1983, ch. 41, § 1, amending 21 O.S.1981, § 1111(1) ("Rape is an act of sexual intercourse accomplished with a male or female who is not the spouse of the perpetrator under any of the following circumstances: 1. Where the victim is under sixteen (16) years of age").

In *Fannin v. State,* 65 Okl.Cr. 444, 88 P.2d 671 (1939), the information alleged that the assault was committed with the intent "to have sexual intercourse with the said Lenora Ragsdale, forcibly and against her will." This Court held that the allegation was insufficient to charge assault with

intent to rape under 21 Okl.St.Ann. § 1111(4), a forerunner of 21 O.S.1981, § 1111(3). As may be seen, the allegation in the case at bar has even less to commend it, since it omits even an averment that the intercourse was intended "forcibly" and "against [the] will" of the victim.

The allegation in this case differs significantly from those previously approved by this Court, and does not adequately charge the requisite criminal intent. The demurrer to the information should have been sustained.

The State suggests that the error was not properly preserved. This contention is wholly without merit. The failure of the information to properly allege the essential criminal intent rendered the instrument fundamentally defective.

The judgment and sentence is REVERSED, and the cause REMANDED with instructions to sustain the demurrer to the information.

BRETT, J., concurs.